RACHEL FRUGIA ET AL. v. H. M. TRUEHEART ET AL.

Decided January 15, 1908.

**1.—Appeal—Assignment of Error—Proposition.**

A proposition not germane to the assignment of error under which it is made, will not be considered by the appellate court.

**2.—Title—Evidence—Practice.**

In deraigning title a party is not required to introduce his deeds in chronological order. This is matter left to the discretion of the trial court.

**3.—Same—Lost Deed—Evidence.**

Where it is sought to prove the existence and execution of a lost deed, evidence of the assertion of title under such deed, that the land was bought and sold by those claiming under it, and that no claim was made thereto by the alleged grantor or his heirs, is material and competent. In such cases a liberal policy has been adopted by the courts of this State as to the admission of evidence.

**4.—Trespass to Try Title—Evidence.**

Because, in trespass to try title, one deed in defendant's chain of title is lost and he seeks to establish the existence and execution of such deed by circumstantial evidence, is no reason why his other and existing muniments of title should not be admitted in evidence. An objection to said papers that the grantors therein were not shown to have title from the sovereignty of the soil, was properly overruled.

**5.—Abstract of Title—Record—Notice.**

Where an abstract of title had been recorded in the deed records of a county, and a defendant in trespass to try title alleged that he was an innocent purchaser, without notice, of the land in controversy, a charge by the court that the record of said abstract was not notice to the defendant, a subsequent purchaser, of the existence of the deed alleged to be lost but shown in said abstract, unless said defendant would have learned of said abstract and its

contents by such enquiry and investigation as a prudent man acting in good faith would have exercised, and that such investigation would have led a prudent man to conclude that the deed mentioned had been executed, was not erroneous.

### 6.—Purchaser—Possession—Notice.

One purchasing an interest in a grant is chargeable with notice of the character of title under which other persons, in possession of portions of the same grant, claim an interest therein.

### 7.—Jury—Deliberations—Documentary Evidence.

A written instrument attached to and read with a deposition, but afterwards separately introduced as independent evidence, may properly be taken by the jury in their retirement.

### 8.—Lost Deed—Evidence of Search.

Where a deed, alleged to be lost, is sixty-five years old; the grantee a sea captain of roving habits and long since dead; his heirs all residents of a distant State and their names and residence difficult of ascertainment, and, under all the evidence, no reasonable ground exists to doubt the execution of the deed, slight evidence of a search for the deed will suffice to admit secondary proof of its execution.

### 9.—Ancient Deed—Agent—Power—Presumption.

When a deed by an agent is shown by circumstances to have been executed, and such deed is more than thirty years old, the power of the agent will be presumed.

### 10.—Deed—Spanish Law.

A deed executed in 1835 before a judge of the first instance, signed by him with instrumental and assisting witnesses and by the grantor, and reciting in the body of the instrument that the grantor appeared before the judge and acknowledged that he executed the deed, is admissible in evidence as a duly authenticated instrument. And the fact that it was found among the papers of the grantee instead of among the public archives would not affect its admissibility.

### 11.—Deed—Authentication—Registration—Notice.

A deed properly authenticated for registration according to the laws in force at the time of its execution, may be admitted to record at any time thereafter, and will be effective for all purposes of notice after that date.

### 12.—Judgment—Affirmance—Practice.

Where, under the evidence, no other verdict and judgment could have been rendered than that which was rendered, a case will not be reversed by an appellate court for errors on the trial which ordinarily would require a reversal.

ON REHEARING.

### 13.—Trespass to Try Title—Circumstantial Evidence—Charge.

Where, in a suit of trespass to try title, the defendant relied upon circumstantial evidence to prove the existence and execution of a deed in his chain of title alleged to be lost, charge considered and held not upon the weight of the evidence.

### 14.—Charge—Burden of Proof.

An objection to a charge, upon the issue of a lost deed, that it placed the burden of proof upon appellants to show that the deed was not executed, considered, and held hypercritical.

Appeal from the District Court of Liberty County. Tried below below Hon. L. B. Hightower.

*V. A. Collins* and *Smith, Crawford & Sonfield,* for appellants.—
Fourteenth assignment of error. The court erred in propounding
the following question to the jury: "Did Joseph Young execute a
deed conveying to Franklin Hardin, in trust for James A. S. Turner
and John Swinney, the other undivided one-half interest in the
Joseph Young league?" based, as said question was, on the instruc-
tions included in section 2 of said charge, and requiring the answer
to be given in accordance with said instructions. Hammond v.
Coursey, 2 Posey's Unreported Cases, 32; International & G. N.
Ry. Co. v. Ormond, 62 Texas, 274; Medlin v. Wilkins, 60 Texas,
409; Galveston, H. & S. A. Ry. Co. v. Kutac, 76 Texas, 473; Ran-
dall v. Gill, 77 Texas, 355; Campbell v. Trimble, 75 Texas, 271;
Herndon v. Davenport, 12 S. W. Rep., 1112; McNamara v. Meunsch,
66 Texas, 68.

To render deeds admissible in evidence in support of the presump-
tion of a grant, or as circumstantial evidence of the execution of a
deed, it must be shown that the grantors in the deeds sought to be
admitted deraign or claim title under the grant sought to be pre-
sumed or the deed sought to be so proved, and inasmuch as the
grantors in the deeds mentioned in the assignments are not shown
to be connected with the title of J. A. S. Turner and John Swinney,
said deeds were inadmissible for any purpose to prove the title of
the defendants to the second half of the league. Schultz v. Tonty
Lumber Co., 36 Texas Civ. App., 448; Gay v. Halton, 75 Texas 206.

The grantors in the deeds mentioned not being connected with
the deed sought to be presumed, it was error to admit them in evi-
dence upon that issue. Gay v. Halton, 75 Texas, 206; Schultz
v. Tonty Lumber Co., 36 Texas Civ. App., 448.

When the law does not make the existence of certain facts notice,
it is error for the court to call attention to the existence of such
facts, unless it be shown that the parties claiming the benefit of
innocent purchaser had actual knowledge of the existence of the
facts, and if J. L. Hooks never saw at any time the said Cameron
abstract nor the record thereof, the court committed error in charg-
ing on the questions of notice with reference to said abstract. Mulley
v. Zeigler, 23 Texas, 93.

It is error for the court to charge that one buying land must
take notice of the character of the title under which parties in
possession of any portion of the land so purchased claim an interest
in same, unless it be shown that had such purchaser inquired of
the parties in possession, he would have learned from them that they
claimed under the title he is intending to buy, and where the testi-
mony of the parties in possession, as in this case, shows that they
do not know anything about the Joseph Young title, and do not
claim under it, there is no issue to which this charge applies. Meyer
v. Miller, 23 S. W. Rep., 993; Wilson v. Williams, 25 Texas, 66;
Fire Association of Philadelphia v. Flournoy, 84 Texas, 632.

The court erred in admitting in evidence over the objections of
plaintiffs the deed from Henry Kessler to George Kessler and reci-
tations therein, of date October 22, 1888. Masterson v. Jordan, 24
S. W. Rep., 549; Halbert v. De Bode, 15 Texas Civ. App., 628;

McCoy v. Pease, 17 Texas Civ. App., 307; Wallace v. Berry, 83 Texas, 332; Porter v. Metcalf, 84 Texas, 468.

When certain memoranda or notes are admissible in evidence only in connection with depositions of a witness, it is error to allow such memoranda or notes to be detached from the depositions and taken by the jury in their retirement to consider their verdict. Chamberlain v. Pybas, 81 Texas, 516; Snow v. Starr, 75 Texas, 418.

Where it is sought to prove a deed by secondary evidence, proof of loss of the original and search for same must be made before secondary evidence is admissible, and the defendants Trueheart and others not having proven loss of and search for the original deed from J. A. S. Turner by R. M. Turner, agent to John Ayer, secondary evidence was not admissible to prove its execution. Bounds v. Little, 75 Texas, 321; Vandergriff v. Piercy, 59 Texas, 372; Hill v. Taylor, 77 Texas, 295; Trimble v. Edwards, 84 Texas, 497; Adkins v. Galbraith, 30 S. W. Rep., 291.

It is the province of the court when an instrument is offered as a muniment of title to construe the import of such instrument and its legal effect, and if it is sought to prove the execution of a deed by circumstantial evidence, the evidence must be sufficient to show the nature of the instrument, and it is for the court to construe its legal effect, and it was error to admit in evidence the statement of B. F. Cameron contained in the purported abstract that there was a deed from Joseph Young to Franklin Hardin, in trust for John Swinney and J. A. S. Turner. This is substituting the opinion of the witness for the province of the court. Gardner v. Steel, 34 Texas, 563; Kirby v. National Loan Co., 54 S. W. Rep., 1081.

An agent's authority to execute a deed will be presumed, only after the lapse of thirty years, and then only when recited in a deed made in the exercise of the authority, and therefore said abstract was not admissible to prove the authority of R. M. Turner. Dailey v. Starr, 26 Texas, 562; Waltrous v. McGrew, 16 Texas, 513; O'Donnell v. Johns & Co., 76 Texas, 362.

This deed was not admissible as an ancient instrument, because its proper custody was in the archives, whereas it was found in the hands of a private individual and was not shown to ever have been in the proper official custody. Chamberlain v. Showalter, 23 S. W. Rep., 1017; McCarty v. Johnson, 49 S. W. Rep., 1098.

*Stevens & Pickett, W. P. Ellison* and *Ewing & Ring,* for appellees.—A charge which details particular facts (supported by the evidence introduced), on which a party is or is not entitled to recover, but not setting out the evidence bearing on such facts, is not objectionable as being on the weight of evidence. Such charge is eminently proper where a detail of particular facts is necessary to the proper and intelligent instruction of the jury as to the rule of law applicable to the issue, and where the jury at the same time are told that "the question is one for the jury to decide according to the weight of the evidence, as they shall find it." Galveston St. Ry. v. Zantzinger, 49 S. W. Rep., 677; Owens v. Mo. Pac.

Ry. Co., 67 Texas, 684, 685; Sydnor v. Texas Saving, etc., Ass'n, 42 Texas Civ. App., 138; Boone v. Miller, 73 Texas, 562.

Long acquiescence by those asserting title to land or by those under whom they claim, in acts of ownership by others, such, for instance, as conveying title, bringing suit, partitioning the land, payment of taxes, and actual occupancy for many years of portions of the land by some claiming under the same adverse title; together with nonpayment of taxes and nonassertion of ownership of any character by those so asserting title, or by the ancestor under whom they claim, raises the presumption of a grant out of the ancestor, and in a case where the records have been destroyed for twenty-seven years before suit brought, and such acquiescence and non-claim have continued for over fifty years, the presumption is almost, if not quite, conclusive. Sydnor v. Texas Saving and Real Estate Savings Ass'n, 42 Texas Civ. App., 138; Herndon v. Burnett, 21 Texas Civ. App., 25-27; Dailey v. Starr, 26 Texas, 562; Grant v. Searcy, 35 S. W. Rep., 861-863; Herndon v. Vick, 89 Texas, 469; Bounds v. Little, 75 Texas, 320-321; Arthur v. Ridge, 40 Texas Civ. App., 137, and cases cited; Baldwin v. Goldfrank, 88 Texas, 258; Johnson v. Timmons, 50 Texas, 521; O'Donnell v. Johns, 76 Texas, 364; Williams v. Conger, 49 Texas, 582 (600-602); Williams v. Conger, 125 U. S., 397 (424-426).

A person can not be an innocent purchaser who buys land without ever seeing it, and makes no investigation of those in possession, and only pays far less than its market value, with the intent and under the belief that he is getting a big bargain. Especially is this true when those from whom he purchases refuse to give a warranty deed. Johnson v. Lyford, 9 Texas Civ. App., 90; Littleton v. Giddings, 47 Texas, 114 (119); Hume v. Ware, 87 Texas, 380 (384); Wilson v. Denton, 82 Texas, 531.

Recitals in ancient instruments are admissible in evidence, especially where the originals have been recorded in the county for more than thirty years before their introduction. Harrison v. Fryar, 8 Texas Civ. App., 526; Texas Tram Lumber Co. v. Gwin, 52 S. W. Rep., 112; Sydnor v. Texas Sav. Assn., 42 Texas Civ. App., 138; McCarty v. Johnson, 20 Texas Civ. App., 187; Grant v. Searcy, 35 S. W. Rep., 861-863. Anent deeds admitted without proof of possession thereunder: O'Donnell v. Johns, 76 Texas, 364. Registry of ancient deeds strong corroboration of title: Holmes v. Coryell, 58 Texas, 681; Johnson v. Timmons, 50 Texas, 521. Even though improperly recorded: Herndon v. Burnett, 21 Texas Civ. App., 25-27; Frost v. Wolf, 77 Texas, 461.

When evidence is introduced as circumstances in support of the presumption of the existence of a lost instrument, and one ancient instrument, with its recitals, is admissible in evidence, then the admission of other instruments, copied from the ancient instruments, and containing the same recitals, if error, would be harmless error, and could not be held to have prejudiced the jury. The sufficiency of search for and proof of lost instruments is addressed to the discretion of the court, which discretion will not be revised unless

clearly abused. Bounds v. Little, 75 Texas, 317 (321); Johnson v. Lyford, 9 Texas Civ. App., 90.

The certificate of a clerk who has examined the record is admissible as secondary evidence as to the existence of a lost instrument, the copy of which had been seen by him of record while he was clerk. If the clerk is dead, proof of his handwriting and of his former office is admissible. If alive, the same facts can be proven by his deposition. Allen v. Read, 66 Texas, 19; Holmes v. Coryell, 58 Texas, 681 (686); Crain v. Huntington, 81 Texas, 615-616; Johnson v. Lyford, 9 Texas Civ. App., 90.

The certificate of a clerk or testimony of a witness that he once saw the record of an instrument, the original of which is lost, is competent evidence, although the witness or certificate does not purport to give the contents of the instrument. Daniels v. Creekmore, 7 Texas Civ. App., 577; Crain v. Huntington, 81 Texas, 614; Parks v. Caudle, 58 Texas, 220; Rev. Stats., art. 2313.

Where an authentic instrument, executed in 1835, is found among the papers of the original grantee thereunder, it will be presumed either, first, that it was a duplicate original, such as it was not unusual to execute at such time; or, second, that it had been withdrawn for some lawful purpose from the archives. In either event it is admissible in evidence. Beaumont Pasture Co. v. Preston & Smith, 65 Texas, 456; Titus v. Kimbro, 8 Texas, 211; McKissick v. Colquhoun, 18 Texas, 150-151; Herndon v. Casiano, 7 Texas, 332; De Leon v. White, 9 Texas, 599; Andrews v. Marshall, 26 Texas, 216; Gainer v. Cotton, 49 Texas, 101 (114).

The instrument which contains an acknowledgment in the body thereof sufficiently complies with the statute, and was entitled to record; and where it purports to have been acknowledged before an officer authorized to take acknowledgments, whose office is described in the body of the instrument, such is a sufficient certificate of the officer's authority, although he does not sign officially. Snowden v. Rush, 69 Texas, 593; Beaumont Pasture Co. v. Preston, 65 Texas, 458; Brownson v. Scanlan, 59 Texas, 225; McKissick v. Colquhoun, 18 Texas, 148.

The registration of an instrument, although not properly admitted to record, is admissible in evidence as a circumstance to prove a lost instrument. And where a party has actual notice of such improperly recorded instrument, whether by an inspection of the record or otherwise, he can not be an innocent purchaser. Heintz v. Thayer, 50 S. W. Rep., 175; Smith v. Cavitt, 20 Texas Civ. App., 561; Frost v. Wolf, 77 Texas, 461.

Where an ancient instrument, purporting to be an authentic act, comes from the proper custody, and is signed by the grantor, it is admissible as a private act between the parties, even though it is wanting in formality, or is otherwise inadmissible as an authentic act. Harvey v. Hill, 7 Texas, 591 (597); Titus v. Kimbro, 8 Texas, 211; De Leon v. White, 9 Texas, 599.

Prior to 1840, lands could be conveyed by parol. An evidence in writing of such a grant coming from the custody of the grantee, and signed by the grantor, if wanting in other formalities as a

writing, is nevertheless competent to show the intent of the grantor to convey and of the grantee to receive.    Herndon v. Burnett, 21 Texas Civ. App., 27; Manchaca v. Field, 62 Texas, 141.

REESE, ASSOCIATE JUSTICE.—Suit in trespass to try title by the heirs at law of Joseph Young and their assignees against H. M. Trueheart and others to recover the Joseph Young league of land in Liberty County.    Verdict and judgment for defendants and plaintiffs appeal.

The league was granted to Joseph Young by the State of Coahuila and Texas, on June 20, 1835.    Appellants, except J. L. Hooks and W. L. Cotton, claim title as heirs at law of Young.    Hooks and Cotton claim under deeds of conveyance from other heirs.    Appellees deraign their title under two certain deeds alleged to have been executed by Joseph Young.    By one of these deeds, dated July 15, 1835, Young conveyed to John Swinney, James A. S. Turner and Franklin Hardin an undivided half of the league.    The original of this deed was introduced in evidence by appellees, and, as to the one-half conveyed thereby, the jury was instructed to find for defendants.    The other deed claimed to have been executed by Young conveyed to Franklin Hardin in trust for James A. S. Turner and John Swinney the other half of the league.    This deed was lost, but evidence was introduced tending to show that it had been recorded, along with the first deed, in Liberty County, in 1849.    The records of the county were destroyed by fire in December, 1874.    Appellees relied upon this evidence of the record of the deed and other circumstances, such as claim of ownership under it by appellees and their vendors, payment of taxes, etc., and nonclaim by Young himself during his life, or his heirs after his death for over sixty years while the entire league, in different parcels, was being bought and sold by various persons, all claiming title under the lost deed. Appellants Hooks and Cotton also pleaded that they were innocent purchasers for value from heirs of Young without notice of any conveyance by him.    Along with other evidence of the execution by Joseph Young of the lost deed, to wit, the one to Franklin Hardin in trust for James A. S. Turner and John Swinney for an undivided half interest in the league, appellees introduced in evidence a certain abstract of title of the Young league prepared by B. F. Cameron, then district and county clerk of Liberty County, in August, 1874, from the deed records of the county before they were destroyed by fire in December, 1874.    This instrument, with its certificates, is as follows:

"Abstract.

"Abstract of the Joseph Young league of land in Liberty County.

"Deed from Joseph Young to John Swinney, J. A. S. Turner and Franklin Hardin, date 15th July, 1835, for undivided one-half league, book I, pages 228, 229.

"Deed from Joseph Young to Franklin Hardin, in trust for John Swinney and J. A. S. Turner, dated 15th July, 1835, for undivided one-half league, book I, pages 231, 232.

"Deed from J. A. S. Turner by R. M. Turner, agent, dated 10th February, 1849, to John Ayer, for 4,428 acres of land of the Joseph Young league, recorded in book I, page 224.

"State of Texas, }
  Liberty County. }
"I, B. F. Cameron, clerk of the District Court of Liberty County, Texas, do hereby certify that the above abstract is correct and taken from the records of deeds of Liberty County. Witness my hand and seal of office, this August 28, 1874.
"(Seal)                              B. F. Cameron,
"Clerk, District Court, Liberty County."

"State of Texas, }
  Liberty County. }
I, B. F. Cameron, clerk of the County Court of Liberty County, Texas, do hereby certify that the within abstract of title was filed for record, March 7, 1891, at 5 o'clock a. m., and recorded June 26, 1891, at 9 o'clock a. m., in vol. J, of deeds of Liberty County, Texas, on pages 211 and 212. Witness my hand and seal of office, June 26, 1891.
"(Seal)                              B. F. Cameron,
"Clerk, District Court, Liberty County."

"State of Texas, }
  Liberty County. }
Before me, the undersigned authority, personally appeared B. F. Cameron, who, being duly sworn, deposes and says, that the within abstract of land was compiled by him from the records of the county of Liberty, State of Texas, prior to their destruction by fire, and that said abstract contains a true and correct statement of the matters and things to which the same relate.
"B. F. Cameron.

"Sworn to and subscribed before me, by above-named affiant, this 11th day of January, A. D. 1906.
"H. H. McConnel,
"Justice of the Peace and ex-officio Notary Public
in and for Liberty County. Texas."

Cameron testified by deposition that the abstract was made and signed by him; that he has no independent recollection of what was shown by the deed records; that he would not have made it unless he had found the deeds on record as stated, and that the statements in the abstract are true to the best of his knowledge and belief. He further testified that the courthouse of Liberty County was destroyed by fire December 11, 1874, and that he had never seen Book I of the records since.

After instructing the jury to return a verdict for defendants as to the undivided one-half of the league conveyed to Hardin, Turner

and Swinney by the first deed, the court submitted to the jury in the form of special issues the issues as to the execution of the second deed to Hardin in trust for Turner and Swinney, and as to the defense of innocent purchaser by Hooks and Cotton. In reply to question propounded the jury found that the deed was executed by Young and that Hooks and Cotton were not innocent purchasers for value and without notice.

Appellants present first their fourteenth assignment of error, which is as follows:

"The court erred in propounding the following question to the jury: 'Did Joseph Young execute a deed conveying to Franklin Hardin, in trust for James A. S. Turner and John Swinney, the other undivided one-half interest in the Joseph Young league?' based, as said question was, on the instructions included in section 2 of said charge, and requiring the answer to be given in accordance with said instructions."

Under this assignment appellants present several propositions, all going to the general charge of the court, and in no way connected with that portion of it embraced in the assignment. Appellants can not in this way bring under review errors, if any, in the general charge of the court, instructing the jury generally as to the law applicable to the facts, for their guidance in answering the question referred to in the assignment. The assignment is only as to error in propounding the question based as it was on the general instructions referred to, but alleges no error in those instructions. The propositions refer alone to alleged errors in those instructions. The assignment is not stated as a proposition in itself. For want of proper propositions it can not be considered.

There was no error in the admission in evidence over the objections made to them, of the two deeds referred to in the fifteenth, seventeenth and eighteenth assignments. The objection made was that the grantors were not shown to have any title to the land; that their title is not connected with the sovereignty of the soil or with the Joseph Young title or with any other person. The objection was not tenable. It was directly shown that Franklin Hardin, from whom emanated the title conveyed by the deeds, had a deed from Young, the original grantee.

The deeds referred to in assignments thirty-five to thirty-eight were admissible in evidence on two grounds. Appellees were seeking to establish title in themselves, and every link in their chain of title was admissible for that purpose. They were not required to introduce such deeds in the order of their execution, beginning with the original grant from the sovereignty, but might vary this order to suit their convenience, subject to the direction of the court in the exercise of its discretion. Appellees were also seeking to show by circumstances the execution of the lost deed from Joseph Young, which, with the first deed, took out of him all title to the league, and left none to descend to his heirs. As circumstances tending to establish the execution of this deed by showing assertion of title and ownership under it, it was proper to show that the land was being traded in, bought and sold by persons claiming title under the lost deed, and

that this involved the entire league. This evidence was significant also in connection with the evidence of nonclaim by Young or his heirs. The sale of the land in various tracts, execution and recording of deeds, all in hostility to their title, called upon them to assert their claim, and their failure to do so in presence of such public assertion of hostile claim of ownership was a cogent circumstance to show that they knew they had no title, and thus explain their failure to assert any.

The courts of this State have been liberal in the admission of testimony to establish the execution of deeds to land, the originals of which have been lost and destroyed, and which have never been recorded, or where the records also have been destroyed. Without such liberality many titles unquestionably honest, the primary evidence of which has been destroyed, would be lost. Especially is this true when county records have been destroyed and transactions sought to be thus proven are ancient.

We overrule assignments of error nineteen to thirty-four, and forty to fifty, all of which present the same objection to the admission of deeds in the chain of title of defendants or some of them, and all showing a general buying and selling, and claim of title and ownership of different parts of the league, extending over a long period of time.

The recitals in the deed from George Kessler to Henry Kessler, dated 1875, referred to in the forty-second assignment of error, and in the deed from Henry Kessler to George Kessler, October 22, 1888, were properly admitted in evidence. (Brewer v. Cochran, 45 Texas Civ. App., 179; Grant v. Searcy, 35 S. W. Rep., 862.) It appears that in September, 1875, George Kessler, of Philadelphia, executed to Henry Kessler, of the same city, a deed to 1000 acres of the Joseph Young league. The deed was recorded in Liberty County in October, 1875. It contained the following recitals: "Which said 1000 acres is part of the league of land originally patented to Joseph Young, who by deed dated the 15th of July, 1835, recorded in records of said Liberty County, State of Texas, in Book I, pages 228 and 229, granted and conveyed one undivided half thereof to John Swinney, J. A. S. Turner and Franklin Hardin, and by deed dated 15th of July, 1835, recorded in Book I, pages 231, 232, granted and conveyed the remaining undivided one-half part thereof to Franklin Hardin in trust for John Swinney and Joseph A. S. Turner, and the said Joseph A. S. Turner, by power of attorney, executed August 30, 1848, recorded 9th December, 1848, in Book I, pages 323 and 324, duly empowered Richard M. Turner to sell and convey his interest in said league of land, and the said Joseph A. S. Turner by Richard M. Turner, his attorney, by deed, 10th February, 1849, recorded 24th August, 1858, in book N, page 619, granted and conveyed 1000 acres thereof undivided to Alameda M. Smith and the said Alameda M. Smith and R. R. Smith, her husband, by deed dated April 2, 1864, recorded the 6th of April, 1864, granted and conveyed the said 1000 acres to Allen & Fulton, and the said Allen & Fulton by deed dated the 13th October, 1865, recorded 16th October, 1865, in book G, pages 319-320, granted and conveyed the same

to George Kessler in fee." The deed from Henry Kessler to George Kessler in 1888 contained the same recitals.

It will be seen that the recitals in this deed of 1875 executed between two citizens of Philadelphia correspond exactly with the statements in the Cameron abstract made in 1874, not only as to the dates and contents of the two deeds of Joseph Young, but as to the dates of their record and the book and page thereof. The other deeds recited in the chain of title were found in the deed records of Liberty County and were all introduced in evidence by appellee. The objection made to each deed by appellants was that "the grantor is not shown to have had any title; that his title is not connected with the sovereignty of the soil, or with Joseph Young or with any other person having a title to the land." The title of each of them was in fact traced back either by direct conveyances or by circumstances to the deeds from Joseph Young, and were links in appellees' chain of title and served as circumstances to show continuous claim of title and ownership openly asserted by the execution and record of deeds of parts of the land, extending over a period of fifty years or more.

There was no error in charging the jury on the question of notice and with reference to the Cameron abstract, which had been recorded in 1894; that the same was not notice to Hooks of the deed mentioned therein unless he would have learned of such abstract and the contents thereof by such inquiry and investigation as a prudent man acting in good faith would have exercised, and that such inquiry prosecuted with reasonable diligence would have led a prudent man to conclude that the deed mentioned had been executed. There was testimony tending to show that Hooks had notice of such facts as would have put a prudent man acting in good faith upon inquiry, which, if prosecuted with reasonable diligence, would have led to a knowledge of the facts recited in the abstract. It is rather difficult to understand how Hooks escaped such knowledge.

Neither was there error in instructing the jury as to the necessity for one purchasing land to take notice of the character of title under which parties in possession of any portion of the land so purchased claimed an interest in the same. The various parties in possession of the league were shown to be connected with the title under Young, held by appellees, and not strangers to that title. Hooks buying undivided interests in the entire league made no inquiry whatever of these parties, nor indeed of anyone else, about the title. The sixth assignment of error presenting the question is overruled.

The evidence referred to in the nineteenth assignment of error appears to us to be immaterial and irrelevant. Its purpose was to prove that W. R. Swinney executed a deed to Minter & Rayburn for the 1485 acres of the league which they afterwards conveyed to Williamson. We hardly think that it was relevant to that issue. In view, however, of the overwhelming character of the proof showing conveyance out of Young for the league as presented by the entire record, we do not think that it presents reversible error.

In their fifty-ninth assignment of error appellants complain of the action of the court in allowing the jury to take with them in

their retirement, over their objection, the Cameron abstract. This abstract was attached to Cameron's deposition which was introduced to prove that it had been made by him from the records of Liberty County. After the deposition was read, appellees introduced the abstract in evidence, independently, as a circumstance to show the execution of the lost deed from Young to Hardin, in trust for Swinney and Turner. No objection was made to its introduction except as a recorded instrument, which was fully met by the statement of appellees' counsel that it was not introduced as a recorded instrument. Under the authority of Chamberlain v. Pybas (81 Texas, 511), and Snow v. Starr (75 Texas, 418), appellants insist that it was not proper to allow the jury to take this instrument with them. Article 1303, Rev. Stats., provides that the jury may take with them in their retirement any written evidence except depositions. We are of opinion that when this abstract was introduced in evidence, independently of the deposition, it became like any other written evidence, like a deed, for instance, which has been attached to a deposition, in order that the signature of the maker may be established, and which, being thus proven, is introduced in evidence. It was then not a part of the deposition, but an independent piece of written evidence. The certificate of the clerk that these deeds were contained in the records was admissible and this abstract, officially certified by Cameron at the time, must be considered as such. (Allen v. Read, 66 Texas, 19.) It had been introduced before the jury, who had had ample opportunity to examine it; and they could not have failed to understand and appreciate the weight and importance of the evidence. We doubt very much whether they would or could have been more influenced by the circumstances of taking it with them to the jury room. If we are mistaken in our view that it was not error to allow them to do so, we think that the error is not ground for reversal.

By their fifty-seventh and fifty-eighth assignments of error appellants complain of the action of the court in admitting the deposition of B. F. Cameron regarding the abstract referred to, and further in admitting the abstract in evidence. The first proposition under the assignment presents the question as to the admissibility of the abstract to prove the execution of the third deed mentioned therein, to wit, from R. M. Turner, agent, to John Ayer, on the ground that there was no evidence of the loss of the original and search therefor.

We have examined the testimony in the record upon this point very carefully. While it is not as full and specific as it should be, still, considering the fact of the age of the deed, over 65 years, that it appears that the grantee Ayer was a roaming kind of a man, a sea captain, long since dead, leaving heirs all residents of a distant State, and their names and exact places of residence difficult of ascertainment, and the further fact that from other facts and circumstances in evidence there seems no reasonable ground to doubt the execution of this deed, we do not think that the court abused its discretion in holding the evidence of search sufficient as a predicate for the introduction of secondary evidence of the execution of the deed. Further, it may be said in answer to this objection that

the assignments of error go to the admission of the entire deposition and abstract, and do not raise the question of the admissibility of any particular portion of it.

The objection as set out in the second proposition under this assignment of error, that it was error to admit in evidence the statement in the abstract that there was a deed on the records from Joseph Young to Franklin Hardin in trust for Swinney and Turner, is without merit, as is the fourth proposition.

As to the third proposition, it is sufficient to say that the abstract was not introduced as a recorded instrument under the Act of 1891. There was no claim that it was admissible as such.

The sixth proposition is not sound. The recital in the ancient deed of George Kessler to Henry Kessler tended to establish the execution of a power of attorney from J. A. S. Turner to R. M. Turner. The deed to Ayer was from R. M. Turner, agent of J. A. S. Turner, to John Ayer, and purported to have been executed in 1849. When a deed by an agent is shown by circumstances to have been executed, and such deed is more than thirty years old, the power of the agent will be presumed.

There was no error in admitting in evidence the original deed from Joseph Young to Hardin, Turner and Swinney, executed and recorded in 1835, and found in possession of the daughter of Franklin Hardin. The deed was admitted on two grounds, as stated by the court. First, as a duly authenticated instrument, and second, as an ancient instrument. On both grounds we think it was admissible. The instrument was executed before a primary judge or "judge of the first instance," is signed by him, with instrumental and assisting witnesses, and by the grantor. In the body it is stated that the grantor appeared before the judge and acknowledged that he executed the deed, in the phraseology then in common use. It is substantially identical with the instrument held to have been properly authenticated for record in Beaumont Pasture Co. v. Preston & Smith (65 Texas, 457); Brownson v. Scanlan (59 Texas, 222), and many other cases. The fact that the deed was found among the papers of Franklin Hardin, one of the grantees, instead of among the public archives, does not throw any suspicion upon it.

The deed of Young to Hardin, Swinney and Turner, the first deed, having been properly authenticated to entitle it to registration under the law in force at its execution, was duly recorded in 1849 and its registration in 1894, was regular and sufficient for all purposes of notice after that date. Article 4662, Rev. Stats., 1895.

We have disposed of all the numerous assignments of error and find no reversible error. If there had been error committed ordinarily sufficient to require a reversal of the judgment, in our opinion no such result should follow in the present case. We are of the opinion that from the evidence in the record no other verdict could have been properly rendered than one for defendants. The evidence overwhelmingly establishes that Joseph Young did in fact execute the two deeds conveying the entire league in 1835. The evidence of the Cameron abstract, which was not impeached or contradicted, corroborated in the minutest particular by the recitals in the Kessler

deed of 1875, and by the original deed found in the custody of Miss Helen Hardin; the long continued claim of ownership and title by the appellees, and their vendees; the open, public and notorious character of this claim as shown by the partition proceedings in 1896, and otherwise; and the utter failure of Joseph Young in his lifetime (and he lived for many years in the neighborhood of the land) and of his heirs after him, who also lived near the land, to assert their claim; the fact that some of these heirs bought some of the land from parties claiming title under the deeds referred to, all lead irresistibly to the conclusion that the deeds from Young were executed and recorded as claimed, and that the belated claim of his heirs was born of the destruction of the records of Liberty County, and with them, it was supposed, the evidence of the execution of those deeds. The Cameron abstract, uncontradicted and unimpeached as it was, established beyond dispute the execution of the deeds.

Nor do we think that there is any more doubt that the appellant Hooks is not entitled to be protected as an innocent purchaser without notice. He seems to have studiously avoided making any inquiry as to the title. Without recapitulating the evidence on this point it is sufficient to say that it was not only ample to support the finding of the jury on this issue, but that no other conclusion could properly have been reached. (Berry v. House, 1 Texas Civ. App., 564.) The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

In our opinion in this case, in passing upon the fourteenth assignment of error, we declined to consider the various propositions presenting objections to the charge of the court, on the ground that they were not embraced in, and did not properly arise from, the assignment. Upon this motion for a rehearing, upon a careful consideration of the question, we are not clear that we were correct, under the liberal rule announced by the Supreme Court in Land Company v. McClellan Bros (86 Texas, 187).

That portion of the court's charge intended to be brought under review in this court, and assailed as being upon the weight of the evidence, is as follows:

"It is claimed by the defendants above mentioned, in view of the long lapse of time, nonclaim of ownership on the part of Joseph Young during his lifetime, and nonclaim of ownership by him or his children during their lifetimes, and nonpayment of taxes by him or them, and from recitals in instruments and records introduced in evidence more than thirty years of age, and the assertion and claim of ownership on the part of said defendants above named, and parties under whom they derived title, and acts of ownership by them and such parties, coupled with other facts and circumstances in the case, that it ought to be presumed and found that there was a deed to said other undivided one-half of the land in question from the said Joseph Young to the said Franklin Hardin, in trust for John Swinney and James A. S. Turner; and in this connection the

law is that such claimed facts, i. e., that the said Joseph Young made such deed may be proven like any other fact, and that the jury may, in proper circumstances, such as are submitted below, presume such facts, the question being one for the jury, to be decided according to the weight of the evidence as they may find it.

"The law further is that where the facts, or deed, as the case may be, which is sought to have presumed, lies back thirty or more years, and the parties claiming the presumption, or those whose estate they have, or both combined, have during such period openly and notoriously and with the acquiescence of their adversaries, claimed and exercised acts of ownership over the land in question, such as might reasonably be expected from the owners thereof, and the circumstances in evidence, taken in their entirety, are consistent with the presumption sought to be included, and it is more reasonably probable that the facts sought to be presumed existed than that they did not, then the jury are at liberty to presume them and find accordingly."

In the case of Sydnor v. Investment Assn. (94 S. W. Rep., 451), decided by this court, in which writ of error was refused, referring to a charge complained of by appellant, it was held that the charge was free from objection and was not upon the weight of the evidence. The charge was not set out in the opinion, but as shown by the briefs, is as follows:

"The defendants, Texas Savings & Real Estate Investment Association and associates, further claim that, in view of the long lapse of time, coupled with the other circumstances in the case, it ought to be presumed and found that there was a deed for the land in question from Mosely Baker to William B. T. Batterson, of date, to wit, on or about May 12, 1845, and that the deed to John S. Sydnor was in trust for the benefit of Cyrus, and, in this connection, the law is, that such claimed facts, i. e., that Mosely Baker made such deed to said Batterson and that the deed to John S. Sydnor was in trust for the benefit of Cyrus, may be proved by circumstances like any other fact, and the jury may in proper circumstances, such as are submitted below, presume such facts, the question being one for the jury, to be decided according to the weight of the evidence as they may find it.

"The law further is that where the fact or deed, as the case may be, which is sought to be presumed, lies back thirty or more years, and the parties claiming the presumption, or those whose estate they have, or both combined, have during such period openly and notoriously, and with the acquiescence of their adversaries, claimed and exercised acts of ownership over the land in question, such as might reasonably be expected from owners thereof, and the circumstances in evidence, taken in their entirety, are consistent with the presumption sought to be indulged, and it is more reasonably probable that the facts sought to be presumed existed than that they did not, then the jury are at liberty to presume them and find accordingly.

"The purported deed of record from Mosely Baker to William B. T. Batterson, dated May 12, 1845, is improperly acknowledged for record, and being so improperly acknowledged, neither the record

nor a copy of it is competent as proof of the deed, but the fact of the ancient record of such a purported deed is itself competent, and in this case has been admitted, as a circumstance to be considered by you, along with the other facts and circumstances in evidence, in deciding the issue as to whether or no you will presume or find that, in point of fact, the deed did exist, and such circumstance is to be given that weight on the issue to which you may deem it entitled."

A charge of the same character was approved in Herndon v. Burnett (50 S. W. Rep., 582), a writ of error being refused. (Taylor v. Watkins, 26 Texas, 688-698.)

By their second proposition under the fourteenth assignment of error appellants assail the following portion of the charge:

"If you find, under the above instructions, that it is more reasonable to presume that Joseph Young in his lifetime executed said deed conveying to Franklin Hardin said other undivided one-half interest in the Joseph Young league (referring to one-half No. 2), than to presume to the contrary, you will answer the question propounded to you immediately following by writing the word 'yes' after the word 'answer,' but if you believe that it is more reasonable to presume that said Joseph Young did not execute said deed, you will answer said question by writing the word 'no' immediately after said 'answer.'"

It is objected to this charge that it placed the burden of proof on appellants to show that Joseph Young did not execute the deed to Hardin. To the question the jury answered "yes." This they could not have done under the charge unless they believed that it was more reasonable to presume that Young executed the deed than to presume the contrary. To tell the jury that if they believed it more reasonable to presume that Young did not execute the deed to answer, "no," was but to state the converse of the preceding proposition. It would have been probably better to have instructed them that if they did not believe that Young did execute the deed to answer, "no." An acute and critical lawyer carefully analyzing the charge can see a shade of difference between the two ways of stating the proposition, but we can not think that a jury would be so critical as to discern the difference. (Kerr v. Blair, 47 Texas Civ. App., 412.)

The third, fourth and fifth propositions under the fourteenth assignment present questions entirely too foreign to the assignment to be considered. The assignment is overruled.

We desire to withdraw the following statement in our opinion: "And that the belated claim of his heirs was born of the destruction of the records of Liberty County, and with them, it was supposed, the evidence of the execution of those deeds." The statement is of doubtful propriety, as we now think, and should not have been made.

The motion for rehearing is overruled.

*Overruled.*

Writ of error refused.