ROBERTS et al. v. COLEMAN et al.

(Court of Civil Appeals of Texas. Galveston. May 12, 1911.)

1. DEEDS (§ 207*)—EXECUTION—WEIGHT AND SUFFICIENCY OF EVIDENCE.

Evidence consisting of circumstances *held* sufficient to establish the genuineness of a deed, notwithstanding the testimony of the grantor therein that he did not execute it.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 207.*]

2. DEEDS (§ 207*)—EVIDENCE.

That B., who acquired title to land, and conveyance by whom is not produced, signed as witness a deed of the land by G. to C., and made the affidavit proving it for record, with the fact that neither he nor his heirs are shown to have thereafter asserted claim to the land, though they lived in the same county for many years, and the fact that C. and his vendees have continuously asserted ownership of it, and have paid the taxes thereon for many years, warrants the conclusion that G., when executing his deed, had B.'s title, or made the deed by B.'s authority, or that in some other way B.'s title passed to C.

[Ed. Note.—For other cases, see Deeds, Dec. Dig. § 207.*]

3. ESTOPPEL (§ 94*)—ESSENTIALS—PREJUDICE.

The heirs of B. would not be estopped to claim title to land merely because, after B. acquired the title, no conveyance of which by him is produced, he signed as witness a deed thereof by G. to C., unless it be shown that the purchasers from C. saw or knew of the record of such deed, and were influenced in their purchase by the fact that B. witnessed it.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. §§ 276–284; Dec. Dig. § 94.*]

Appeal from District Court, Leon County; S. W. Dean, Judge.

Action by Mrs. O. M. Roberts and others against Sol M. Coleman and others. Judgment for defendants. Plaintiffs appeal. Affirmed.

Wm. Watson, Joe H. Seale, and W. D. Lacey, for appellants. B. D. Dashiell and Gordon Boone, for appellees.

PLEASANTS, C. J. This suit was brought by the appellants against appellees to remove cloud from their title to a tract of 567½ acres of land on the James W. Winters league in Leon county, and to cancel the record containing deeds hereinafter referred to,

which plaintiffs allege cast said cloud upon their title, and also to recover damages in the sum of $1,000. The defendants answered by general and special exceptions, general denial, plea of not guilty, and plea of estoppel. The trial in the court below, without a jury, resulted in a judgment in favor of defendants.

The record discloses the following facts: John P. Border acquired title to the land in controversy prior to the year 1858, and no deed of conveyance by him was produced. In 1858, and for some years prior thereto, John P. Border, A. S. Gardner, William B. Johnson, and J. H. McLendon lived in Leon county. Gardner was judge of the county court of said county; Johnson was county clerk; and J. H. McLendon was a deputy sheriff of said county. These men were well acquainted with each other. On the 2d day of August, 1858, there was placed on record in the deed records of said county a deed from A. S. Gardner to Bennett Cowan, conveying the 567½ acres of land in controversy. This record shows that the deed was executed on February 8, 1858, was witnessed by John P. Border and J. H. McLendon, and proven for record by said Border before William B. Johnson, county clerk of said county, on the day of its execution, and was filed for record August 2, 1858. The record of this deed is in the handwriting of the recording clerk in said office, as shown by the fact that it is the same handwriting shown upon the 200 pages of the record preceding and following the pages containing the record of said deed. The record is not in the handwriting of Johnson, the clerk. R. B. Johnson, a brother of the clerk, was deputy clerk at this time. There is no evidence that this record is or is not in the handwriting of said deputy. Both the clerk and his deputy were honest and capable officers. The genuineness of this record was never challenged until this suit was filed on July 15, 1907. John P. Border, William B. Johnson, B. Cowan, J. H. McLendon, and R. B. Johnson are all dead. Border lived in Leon county until 1878, and it is not shown that he ever exercised any acts of ownership over or asserted any claim to the land, and plaintiffs, who are his heirs at law, are not shown to have paid any taxes on the land or asserted any claim thereto prior to the institution of this suit. Defendants claim title under Cowan, through deeds which have been duly recorded in the deed records of Leon county. Cowan and those holding under him have continuously exercised acts of ownership over the land, and have paid all taxes thereon since 1885. The tax records prior to the year named were burned, and it was not shown what taxes were paid before 1885.

A. S. Gardner is living, and testified by deposition in this case. The substance of his

testimony is as follows: That he was 86 years of age. That he lived in Centerville, the county seat of Leon county, on the 8th day of February, 1858, the date borne by the deed. Was chief justice of the county at that time, and knew both Bennett Cowan and John P. Border. That he never owned this land, never bought it, and never sold it to Bennett Cowan. That he never executed such a deed, and never heard of such a transaction until a short time before he testified. That William B. Johnson was an honest man, and that the witness did not think that Johnson would make a false certificate, and in his opinion, if Johnson certified that Border appeared before him and swore that he saw Gardner sign any instrument, and that he (Border) signed as a witness at Gardner's request, Johnson would not have so certified, unless the said Border had so appeared and sworn. That he (A. S. Gardner) lived in Centerville many years after this date and served 12 years as chief justice. That he is getting old and is not strong, but that his memory is good; but that he does not remember dates accurately. Gardner, the grantor in the deed, John P. Border, and J. M. McLendon, the subscribing witnesses to the deed, and William B. Johnson, the officer making the certificate of proof, all lived in Centerville at that time, and were acquainted. W. B. Johnson was county clerk, while Gardner was chief justice, and he and Johnson were friends. McLendon, the other subscribing witness, was a deputy sheriff, and he and Border were intimate. "My memory is good, particularly with reference to transactions which took place some years ago, when I was younger. I never made many deeds in Leon county, and I remember all deeds executed by me while I was in Leon county. * * * In 1858 Centerville was a small village, and people there generally knew each other."

Plaintiffs made affidavit that the deed from Gardner to Cowan was a forgery and allege in their petition that they are the owners of the land, and that the record of said deed and of the subsequent deeds under which defendants claim, and certain mortgages and deeds of trust executed by said defendants, all of said deeds, mortgages, and trust deeds being particularly described in the petition, cast a cloud upon their title, and pray that said records be canceled and the cloud cast thereby removed, and for damages in the sum of $1,000.

[1] Under the first assignment of error, appellants assail the judgment on the ground that it is unsupported by the evidence, in that the uncontroverted evidence shows that the deed from Gardner to Cowan, under which appellees claim, is a forgery, and that plaintiffs are the legal and equitable owners of the land, and as such are entitled to have the record of said deed and the subsequent instruments mentioned in the petition canceled as a cloud upon their title.

The proposition advanced under this assignment is, in substance, that presumption cannot be indulged in or stand in the face of direct testimony, which shows that the fact sought to be established by presumption did not exist. This proposition, while abstractly sound, has no application to the facts of this case. The execution of the deed by Gardner was attempted to be proven by appellees by circumstantial evidence, and the question is, Are the circumstances shown by the evidence sufficient to sustain the finding that the deed was executed by him, notwithstanding his denial of its execution?

Appellees' case does not depend upon presumption in the technical sense of that term. All conclusions of fact are in a certain sense presumptions. If the trial court had found that Gardner did not execute the deed, such finding would have been based on the presumption that he was testifying truthfully, and that if he had executed it he would have remembered it; and so the finding that he did execute it is based on the presumption that, under the facts shown by the evidence, which renders its forgery so improbable, he must have executed it and has forgotten it, or is not now testifying truthfully. The only question is as to the weight and preponderance of the evidence, and there is no rule which requires that direct and positive testimony shall outweigh circumstantial evidence. On the contrary, circumstantial evidence is often entitled to more weight than direct evidence to the contrary, and verdicts in such cases, based on circumstantial evidence and which deprive the citizen of life and liberty, are continually upheld by the courts. We think the judgment in this case is sustained by the weight and preponderance of the evidence. It is much more probable that Gardner should have forgotten the circumstance of his execution of this deed, which occurred 50 years ago, than that the deed could have been forged, under the circumstances shown by the evidence. The record of the deed has remained unimpeached all of these years, and the claim to the land asserted thereunder has been acquiesced in by Border and his heirs to the extent that no act of ownership or assertion by them is shown prior to the bringing of this suit. That record is free from suspicion on its face and was unquestionably made by authority of the keeper of the records, who was an honest and competent officer, and had an honest and competent deputy. It is inconceivable that this officer or his deputy could have placed upon this record a deed to which the signature of his friend and associate, the county judge, as grantor, his own official signature certifying the deed for record, and the signature of two witnesses, both of whom were acquaintances, were forgeries. It is more inconceivable that if the grantee, Cowan, or any one for him, had forged the signature of the county judge to a deed to the land that they would have selected the

county clerk for the officer to take the acknowledgment, and the real owner of the land and a deputy sheriff of the county as witnesses. This evidence, though circumstantial, is, we think, convincing, and is entitled to more weight than the testimony of a man 86 years of age, however truthful he may be (and we have no doubt of his perfect honesty), as to a transaction which occurred more than 50 years ago.

[2] The evidence being sufficient to establish the genuineness of the deed from Gardner to Cowan, the fact that Border signed said deed as a witness and made the affidavit proving it for record, coupled with the fact that neither he nor his heirs are shown to have asserted claim to the land thereafter, though they lived in the same county for many years, and the further fact that Cowan and his vendees have continuously asserted ownership over the land, and have paid the taxes thereon for many years, is sufficient to sustain the conclusion that Gardner had Border's title to the land at the time he conveyed it to Cowan, or made such conveyance by authority of Border, or that in some other way the title of Border passed to Cowan, and is now held by appellees. Fletcher v. Fuller, 120 U. S. 534, 7 Sup. Ct. 667, 30 L. Ed. 759; Texas, etc., Co. v. Gwin, 52 S. W. 111; Brewer v. Cochran, 45 Tex. Civ. App. 179, 99 S. W. 1033; Frugia v. Trueheart, 48 Tex. Civ. App. 513, 106 S. W. 741; Conroy v. Sharman, 134 S. W. 244; Deery v. Cary, 5 Wall. 795, 18 L. Ed. 653.

[3] The second assignment of error attacks the judgment on the ground that the facts do not sustain defendants' plea of estoppel. What we have before said renders a discussion of this assignment unnecessary. We do not think, however, that the plaintiffs would be estopped by the fact that their ancestor, Border, signed the deed from Gardner to Cowan as a witness, unless it was shown that the defendants had seen or knew of the record of this deed, and were influenced in their purchase by the fact that Border witnessed it. As before said, in the view we take of the effect of the evidence, this question is immaterial.

We think the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.