## BUNN v. MACKIN et al.
### No. 8332.

Court of Civil Appeals of Texas. San Antonio.
Feb. 19, 1930.

Rehearing Denied March 19, 1930.

N. A. Rector, S. T. Phelps, and John A. Pope, all of Laredo, for plaintiff in error.

Hicks, Hicks, Dickson & Bobbitt, of San Antonio, for defendants in error.

SMITH, J.

This is a controversy over the title to block 1092, Eastern division of the city of Laredo. The action was brought in the form of trespass to try title by plaintiff in error, T. A. Bunn, against defendants in error, Sam Mackin and N. C. Windrow. Upon Mackin's death pending the suit his widow and children were substituted as parties, and answered by plea of not guilty, and by cross-action sought to recover the property as in trespass to try title. Windrow simply answered by plea of not guilty. From a judgment rendered upon a directed verdict against him, Bunn prosecuted writ of error. The parties will be referred to as plaintiff and defendants, respectively, as in the court below.

The appeal turns upon the question of whether or not there was an outstanding title to the property as opposed to the title asserted by plaintiff, which he acquired during a period beginning in the year 1915. The outstanding title, if such it be, is founded in part upon a sheriff's deed, executed in 1891, conveying the property to W. R. Pace. It is conceded by plaintiff that, if that deed effectually conveyed the title to Pace, such title stands out against and bars plaintiff from recovery, and the trial judge properly directed a verdict against him. We will now consider the appeal in the light of this concession.

It appears that on June 17, 1891, the San Antonio National Bank obtained a money judgment in a district Court of Bexar county against the Laredo Real Estate & Abstract Company, the common source of title in the case at bar. Execution upon this judgment was issued to Bexar county, and returned nulla bona. Alias execution was then, on September 30, 1891, issued to Webb county, and on November 5, 1891, the sheriff of that county sold the land, as under said execution, to W. R. Pace, then president of said Real Estate & Abstract Company, the corporate defendant in execution. The sheriff's deed was regular in form, contained the usual and necessary recitations required of such instruments, including a recitation that the consideration of $12 was paid by the grantee, Pace. This deed was found by his daughter among the personal papers of W. R. Pace following his death in 1921. It was never recorded.

It is first contended by plaintiff that the sheriff's deed was inadmissible, upon the ground that it was not "first shown that an execution had in fact been issued." The record shows that the judgment was rendered on June 17, 1891; that original execution was issued to Bexar county on August 17, 1891, and returned on same day nulla bona; that alias execution was issued for Webb county on September 30, and delivered to the law firm of Denman & Franklin, attorneys for plaintiffs in execution, for delivery to the sheriff of Webb county. There is no further record, in the Bexar county court, of this alias execution, or of its return by the sheriff of Webb county, nor was that instrument found among the papers in that case, although diligent search is shown to have been made to locate it. There was evidence that Denman & Franklin's private file of this case was destroyed in a flood in San Antonio in 1921. But it was recited in the sheriff's deed that the sale in question was made by virtue of an execution directed to him and issued upon the judgment in question on September 30, 1891 (the date of issuance of the alias execution as shown in the Bexar county execution docket) that levy was made thereunder on October 3, same year, and that the sale was made thereunder on November 5, following. We conclude that these facts establish a prima facie case, if not a conclusive case in view of the lapse of time, that the sale was made under the alias execution, affirmatively shown by the record to have issued in due course by the clerk of the court rendering the judgment. Gilledn v. Witherspoon (Tex. Civ. App.) 121 S. W. 909, 910; Frugia v. Trueheart, 48 Tex. Civ. App. 513, 106 S. W. 736. The mere fact that the execution docket does not affirmatively show that the alias execution was returned to the clerk issuing it, after it had been executed, does not of itself impair the interest acquired by the purchaser at the sale thereunder. Willis v. Smith, 66 Tex. 31, 17 S. W. 247.

It appears that W. R. Pace was the president of the Real Estate & Abstract Corporation, the defendant in execution, and purchased the land at the sheriff's sale under that execution; that the land was conveyed to him by the sheriff in consequence of his purchase as the highest bidder. It is insisted by plaintiff that by this transaction Pace could not, in law, acquire title against the corporation, and that the conveyance to him under this condition did not create an outstanding title against plaintiff, who was claiming under an alleged superior title. It is true that the general rule is that an officer of a corporation may not lawfully acquire his principal's title at a judicial sale. But a title thus acquired is not void. It is voidable, it is true, but may be attacked only by the corporation, or its officers or creditors, and plaintiff was in neither category.

It is shown that, upon purchasing the property at the execution sale, W. R. Pace, instead of having the sheriff's deed to him

recorded, placed that instrument among his private papers, where it remained until his death years later, and was then found by his daughter in an envelope containing other title papers belonging to the decedent. There was testimony, apparently undisputed, that Pace and his successors never actively asserted title to the property, but that, on the contrary, Pace seemed to regard the title as in one Showalter, who held an unsatisfied deed of trust upon the property to secure the corporate owner's unpaid debt to him of $5,000, evidenced by the owner's promissory note executed in 1900, to mature a year later. The sheriff's deed, however, unquestionably had the effect of conveying the legal title to Pace, who did not thereafter convey it away, and the fact that he did not actively assert dominion under that title does not avail plaintiff in his effort to avoid the force of such outstanding title. Kenley v. Robb (Tex. Com. App.) 245 S. W. 68. This title in Pace was subject only to Showalter's deed of trust lien, which was sought to be foreclosed in the year 1914, when the trustee named in said deed of trust sold the property, by virtue of his power therein created, to Charlotte Pearce Gatewood. If the power of the trustee to sell the property had then lapsed as a matter of law, as contended here by plaintiff, then the legal title obtained at the sheriff's sale by Pace ripened into the fee simple title. If it had not lapsed, and the trustee's conveyance was valid, then the title thereby conveyed was outstanding against plaintiff's claimed superior title, subsequently acquired and now sought in this suit against defendants to be established by plaintiff.

We conclude that under the foregoing facts, which were conclusively established and therefore afforded no issue to be determined by a jury, an outstanding title was erected against plaintiff's claim of superior title, and the trial court correctly held that plaintiff was not entitled to recover, or to go to the jury with his case. Kenley v. Robb, supra.

The judgment is affirmed.