## S. A. COOK v. J. M. LINDSAY ET AL.

(Case No. 4479.)

1. POWER OF ATTORNEY — COLONIAL GRANT.— A power of attorney was executed by a colonist on the 7th day of October, 1835, authorizing the attorney to sell, convey and confirm to a third party named, "or any person he may choose," and a good title in the name of the principal to make, to the league and labor of land to which he was entitled as a colonist, as soon as title should issue. The instrument contained clauses of ratification, authorized substitution, renounced, according to the usual form, all laws that could affect its validity, and declared the power to be irrevocable. Title issued on the land on the 12th of October, 1835. The instrument was filed for record on the 12th of October, but recited its delivery on the 7th of October, 1835. *Held,*

(1) Though not executed with the formalities necessary to make it an authentic instrument, it did not for that cause fail to take effect at its date.

(2) The effect of the instrument, if valid, was to place the land the colonist expected to receive beyond his control.

(3) Though no consideration was recited, it was manifestly a contract to sell, and implied a consideration, since the power was made irrevocable.

(4) Being a contract to sell before the issuance of title, it was in violation of the colonization laws in force, void, and conferred neither title or authority to convey title.

APPEAL from Collin. Tried below before R. De Armand, Esq., special judge.

On August 9, 1872, S. A. Cook instituted this suit in the district court of Grayson county, against Lindsay and others, to try the title to one league and labor of land, the title to which was extended to James Robertson by George W. Smythe, special commissioner, on the 12th day of October, 1835. Appellant claims through mesne conveyances under this title, and appellees claimed as strangers thereto by limitation, and under subsequently issued patents, as set forth in their answers. The deed made under the power, and which was excluded, was dated October 14, 1835. Appellant having failed under the rulings of the court to properly deraign his title, the jury was instructed to find for defendants, which they did.

*Hare & Head*, for appellant.

I. A power of attorney dated in the body thereof on the 7th day of October, 1835, but to which is appended the following certificate, to wit: " In the town of Nacogdoches, on the 12th day of October, 1835, before me, Louis Ruez, judge of the first instance of this city, and the two witnesses acting with me, with whom, according to law, appeared citizen Franklin Fuller, asking that the adjoined power written in English, *delivered* to him on the 12th day of the present month, by citizen James Robertson of the municipality of San Augustine, should be registered in the archives under my care: In conformity, I order that said document should be filed in this office in the records of public instruments; and to make it effective, I, the said judge, sign it, and also the two witnesses assisting me.   Day and year above.                                   LOUIS RUEZ.

    " Witness:     ·                            .        Witness:
" Jaun Santos Coy.                              Elizio Albarado."

does not show on its face that it was executed before the issuance of the final title on the 12th day of October, 1835.

II. A power of attorney dated on the 7th of October, 1835, and delivered on the 12th of the same month, and a deed made by virtue thereof on the 14th of said month, of land, the final title to which was extended on the 12th, do not on their face show such fraud upon the law forbidding alienation before the issuance of final title as to authorize the court to declare the transaction a nullity without a verdict of a jury.

III. A power of attorney takes effect from the time of its delivery, and not from the day of its date.   3 Wash. on Real Property, 3d ed., p. 254.

IV. The law will presume that a power of attorney, delivered on the same day that the final title was extended, was delivered after the extension of the title.   Williams *v.* Talbot, 27 Tex., 168; 34 Tex., 768; 14 Tex., 555; 27 Tex., 169; 15 Tex., 466.

*W. O. Davis* and *O. E. Wilkinson*, for appellees.

GOULD, CHIEF JUSTICE.— The power of attorney from the colonist Robertson to Fuller bears date October 7, 1835, and on its face purports to have been executed on that day.   Although not executed with the formalities required to make it an authentic instrument, it did not, for that reason, fail to take effect on the day of its date. The certificate appended to it shows that on October 12th, Fuller, acting apparently in the absence of Robertson, procured the instru-

ment to be filed in the office for the record of public instruments; but this certificate also recites the delivery of the power of attorney on October 7th. It is clear that the power of attorney must be regarded as completely executed on October 7, 1835. This instrument authorizes Fuller "to sell, convey and confirm to Bennett Blake, or any person he may choose, and a good warranty title to make to one league and labor of land, as soon as a title to the same is procured by George W. Smythe, commissioner, in my name," gives the power to substitute other attorneys, renounces all laws that may affect the validity of the power of attorney, "acknowledging and declaring it at the same time to be irrevocable." From these recitals it is apparent that the effect of this instrument, if valid, was to place the league and labor of land which Robertson expected to receive as a colonist beyond his own control, and whilst the consideration is not recited, it is obvious that the transaction was something more than the appointment of an attorney, but was a contract to sell and convey to Blake, the conveyance to be made to whomsoever he might choose. The clause making the instrument irrevocable also indicates the existence of a consideration and the other elements of a contract. The case of McElrea v. Hayter, 2 Porter (Ala.), 148, is one in regard to a very similar instrument, made under similar circumstances, and the court say that "the inference is irresistible that a contract then existed" for the transfer of the land. See, also, Martin v. Parker, 26 Tex., 260; and Ryan v. Jackson, 11 Tex., 401.

The instrument, called a power of attorney, in fact shows a contract by a colonist in October, 1835, to sell the land to be granted to him as a colonist, before the issuance of title. Such a contract was in violation of the law then in force, and was therefore invalid. Robbins' Heirs v. Robbins' Heirs, 3 Tex., 476; Burleson v. Burleson, 11 Tex., 8; Atkinson v. Ball, 18 Tex., 478; Holmes v. Johns, Tyler Term, 1881.

The deed from Fuller, as attorney for Robertson, to Armory, being unsupported by any valid power of attorney, was rightly excluded by the court.

The record shows no evidence, or offer to introduce evidence, raising any question of acquiescence or ratification, or of the presumption of a valid power of attorney. The judgment is affirmed.

AFFIRMED.

[Opinion delivered April 25, 1882.]