## M. McCollum v. Buckner's Orphans' Home.

Decided March 9, 1909.

### 1.—Evidence—Deed—Imperfect Description—Identity.

An administrator's deed describing the land as "lying and being situated in the county of Harris in the Republic of Texas . . . 320 acres of land, part of a tract of 1,280 acres surveyed on Green's Bayou for said McAuley, deceased, on his bounty land warrant, bounded on the east by a part of the said 1280 tract sold to Noland, and on the west also by a part of the 1280 tract sold to Pannell," was admissible in evidence over objection that the description of the land sought to be conveyed was uncertain, indefinite and ambiguous, and that the ambiguity was patent, and the deed void. The description was imperfect, and standing alone might not be sufficient to identify the land, but other proper evidence was admissible to show the boundaries and prove its identity. Evidence considered and held sufficient.

### 2.—Charge—Harmless Error—Clerical Error.

The use of the word "defendant" instead of "plaintiff" in a charge, will not be held fatal error when from the context the error is patent, and from the connection it appears that the jury could not have been misled.

### 3.—Subsequent Purchaser—Prior Conveyance—Notice—Burden of Proof.

Ordinarily a person claiming under a junior title in a suit between himself and a person claiming under a prior conveyance, must allege and prove that he paid value and bought without notice of the prior conveyance; but where a valuable consideration has been paid for land, and the parties to the transaction are dead, and no direct proof can be made that the subsequent purchaser had or had not notice of a prior conveyance, upon proof being made that such subsequent purchaser paid a valuable consideration, the presumption may be indulged that he bought without notice of the prior conveyance.

### 4.—Same—Want of Notice—Presumption.

In the absence of the means of making direct proof of want of notice on the part of the subsequent purchaser, such want of notice will be presumed from evidence of the payment of a valuable and adequate consideration,

**5.—Deed—Presumption.**

The contention that a presumption of a deed should never be indulged in any case unless there is in evidence a deed or other writing upon which to base it, is not sound.

**6.—Same—Trespass to Try Title.**

Where, in trespass to try title, defendant sought to defeat plaintiff's title by showing an outstanding title, and to that end sought to show by circumstances the execution and delivery of a deed from the original grantee, and plaintiff claimed under a deed from the administrator of the original grantee, evidence that the latter died in 1843; that subsequent to the alleged sale he asserted ownership and sold to another; that in 1884 the administrator was appointed and qualified; that the land was inventoried; that public notice was given of its sale and the sale was at auction; that the administrator's deed and others constituting plaintiff's chain were recorded; that one party through whom plaintiff claimed paid the taxes for several years; and that there had been an entire want of any ownership asserted by the alleged purchaser or any one claiming under him, was sufficient to authorize a charge permitting the jury to presume the execution and delivery of a deed reconveying the land from the prior purchaser to the decedent or to his administrator prior to the latter's deed.

Appeal from the District Court of Harris County. Tried below before Hon. Chas. E. Ashe.

*B. F. Louis* and *Hunt, Myer & Townes,* for appellant.—Where the ambiguity in a deed is patent it is error to admit other evidence for the purpose of aiding the same. Kingston v. Pickins, 46 Texas, 101; Norris v. Hunt, 51 Texas, 610; Brown v. Chambers, 63 Texas, 134; Hermann v. Likens, 90 Texas, 448; Edrington v. Hermann, 74 S. W., 936, 77 S. W., 410; Curdy v. Stafford, 27 S. W., 824; Coker v. Roberts, 71 Texas, 602; Beze v. Calvert, 20 S. W., 1131.

It is not sufficient for a plaintiff claiming to be a purchaser from one who is claimed to be an innocent purchaser in good faith at an administrator's sale, to show that the one through whom he claims title paid a valuable consideration for the land; but he must go further and show that he paid such valuable consideration as an innocent purchaser; that is, without notice, and the court should affirmatively charge the jury to this effect. Hunter v. Eastham, 67 S. W., 1081; Fordtran v. Perry, 60 S. W., 1002; Baldwin v. Root, 40 S. W., 3; Meyer v. Miller, 23 S. W., 994; Derrett v. Britton, 80 S. W., 563.

No presumption of a reconveyance of land should be permitted unless there is some written evidence, or evidence of its former existence with which to connect or upon which to base such presumption, and there being in this case no evidence of any deed or other writing, the court should not have permitted the jury to base a presumption of reconveyance without such written testimony. Frugia v. Trueheart, 106 S. W., 739; Hirsch v. Patton, 108 S. W., 1016, and cases cited.

*David F. Rowe, Thos. C. Rowe* and *Fisher, Sears & Campbell,* for appellee.

McMEANS, Associate Justice.—This is a suit of trespass to try

title for 320 acres of the Malcom McAuley 1280-acre survey in Harris County, brought by the Buckner's Orphans' Home against M. McCollum, John Gant, and a number of other defendants not necessary to name in that they were dismissed from the case. Mrs. Margaret Holland and others intervened, but having made no further appearance were dismissed. The defendant John Gant appeared by answer claiming only as tenant of the defendant McCollum. The case went to trial with Buckner's Orphans' Home as plaintiff and McCollum as real defendant, though nominally Gant still appeared as defendant. The case was tried before a jury which rendered a verdict for plaintiff, upon which judgment was duly entered, and from this judgment this appeal is prosecuted by defendant McCollum alone.

Appellee established by evidence a *prima facie* title in itself to the land in controversy. The appellant attempted to defeat appellee's title by alleging and undertaking to establish an outstanding title, and to this end they sought to prove by circumstantial evidence the execution and delivery of a deed from McAuley, the original grantee, to William Young, of date anterior to the execution by the administrator of said grantee of the deed under which appellee claims.

By his eighth, ninth and tenth assignments appellant complains of the action of the court in admitting in evidence over his objection the deed from H. G. Pannell, administrator of McAuley, to F. R. Lubbock, and the deed from Lubbock to Michael Connelly, and the deed from Connelly to John Neil, the objection to each deed being that the description of the land sought to be conveyed was uncertain, indefinite and ambiguous, and the ambiguity was patent, and that the deeds were void for uncertainty of description, and irrelevant and incompetent for any purpose. The eleventh assignment complains of the admission in evidence over appellant's objection of a certified copy of a deed from McAuley to H. G. Pannell and George C. Peters, and a certified copy of a deed from McAuley to B. A. Noland and H. G. Pannell, which were offered by appellee in aid of the description of the land conveyed by the deeds mentioned in the eighth, ninth and tenth assignments; the objection being that the ambiguity in the deeds was patent, and that, therefore, extraneous evidence in aid of the description was inadmissible.

The only proposition advanced under the foregoing assignments is that where the ambiguity in a deed is patent it is error to admit other evidence for the purpose of aiding the same. The description in the deed from Pannell, administrator, to Lubbock is as follows: "Lying and being situated in the county of Harris, in the Republic of Texas, . . . 320 acres of land, part of a tract of 1,280 acres surveyed on Green's Bayou for said McAuley, deceased, on his bounty land warrant, bounded on the east by a part of the said 1,280-acre tract sold to Noland, and on the west also by a part of the 1,280-acre tract sold to Pannell." The deed from Lubbock to Connelly and from Connelly to Neil contained substantially the same description.

We think there can be no question that the description contained in the deeds was sufficient to admit of their introduction in evidence over the objection urged. The evidence also shows that the McAuley survey of 1,280 acres was in shape one mile wide from east to west,

and two miles long from north to south. The deeds show that the 320 acres referred to was situated in Harris County and were part of the McAuley survey, and was bounded on the east by the part of said survey sold to Noland and on the west by the part of the survey sold to Pannell. The description, it is true, is imperfect and, standing alone without other evidence to aid it, might not be sufficient to identify the land, but, being imperfect, the deed would not for that reason be void; and other proper evidence was admissible to show the boundaries and prove its identity. To do this appellee introduced in evidence certified copies of deeds from McAuley to B. A. Noland and H. G. Pannell and from McAuley to H. G. Pannell and George C. Peters. Each of these deeds conveyed 320 acres of the McAuley survey, and the description given in each identifies the land conveyed by it. The former shows that the 320 acres conveyed to Noland and Pannell were out of the extreme eastern part of the survey and was one-fourth mile wide from east to west, and two miles long, running the entire length of the survey; and the latter shows that the 320 acres conveyed to Pannell and Peters were also one-fourth mile wide from east to west, and two miles long, and that its extreme eastern boundary was a line running through the center of the survey from north to south. This left a tract between the two above mentioned of the same shape and dimensions, and it is clear that it is the tract referred to in the deed from Pannell to Lubbock as "bounded on the east by a part of said 1,280-acre tract sold to Noland, and on the west also by a part of the 1,280-acre tract sold to Pannell." (Cook v. Oliver, 83 Texas, 561; MacManus v. Orkney, 91 Texas, 33; Bowles v. Beal, 60 Texas, 324; Ragsdale v. Robinson, 48 Texas, 379; Norris v. Hunt, 51 Texas, 614; Coker v. Roberts, 71 Texas, 601.) The assignments are overruled. This disposes, adversely to appellant's contention, of his thirteenth assignment, which complains of the refusal of the trial court to strike out of the evidence the deeds from Pannell to Lubbock, Lubbock to Connelly, and Connelly to Neil.

Nor was there error in admitting in evidence the testimony of the witness Yarbrough as to the location of the McAuley survey with reference to Green's Bayou, and admitting evidence of the probate proceedings of McAuley's estate, all of which were offered in aid of the description in said deeds (Hermann v. Likens, 90 Texas, 449), and the assignments of error raising the point are overruled.

The court charged that "If the jury have indulged the presumption of the execution and delivery of a deed from Malcolm McAuley to Wm. Young during the lifetime of said McAuley, then they will inquire whether they will indulge the presumption of a sale and reconveyance of said property from said Young back to McAuley or his administrator prior to the execution of the deed from McAuley's administrator to Lubbock, . . . and if the jury believe . . . that the circumstances are consistent with the inference or the presumption of a resale and conveyance of said land from said Young to the said McAuley or his administrator, as claimed by *defendants,* etc." Appellant, by his third and fourth assignments of error, contends that inasmuch as the claim referred to in the charge was one made by the plaintiff, the use of the word "defendant" instead of

"plaintiff" was a fatal error. We can not agree with this. From its context it was patent that the charge meant "plaintiff" where "defendant" was used, and, in the connection in which it was used, a jury capable of understanding and passing upon the issues involved in the case could not have been misled thereby. (Galveston, H. & S. A. Ry. Co. v. Porfert, 72 Texas, 351.) This may also be said as to the word "they," which was used at one place in the charge to designate the plaintiff, Buckner's Orphans' Home. The assignments raising the points are overruled.

Appellant by a second proposition under the third and fourth assignments further contends that the court having instructed the jury that before they could find for defendants on the issue of outstanding title that they must find that a deed had been executed and delivered by McAuley to Young, made it less onerous on plaintiff, when on the issue of resale by Young to McAuley the charge only required the jury to find that there had been a resale and conveyance. This contention is without merit and can not be sustained.

The court charged that if the jury found that there had been a resale and conveyance from Young to McAuley or his administrator, or if they found that F. R. Lubbock, through whom plaintiff claims title, paid a valuable consideration to Pannell, the administrator of McAuley's estate, for the land in controversy, then in either or both events to find for plaintiff, even though they believed that McAuley before his death executed and delivered a deed conveying the land to Young. This part of the charge is assailed by appellant by its fifth and sixth assignments, the contention being that the charge ignored the element of want of notice of Lubbock at the time he purchased from the administrator of the execution and delivery of the deed by McAuley to Young.

Ordinarily a person claiming land under a junior title in a suit between himself and a person claiming under a prior conveyance must allege and prove that he paid value and bought without notice of the prior conveyance. In the absence of the means of making direct proof of want of notice, such want of notice will be presumed from evidence of the payment of a valuable and adequate consideration. Appellant makes no point, however, on the omission from the charge of the element of adequacy of consideration. It is, however, well settled law that where a valuable consideration has been paid for land, and the parties to the transaction are dead, and no direct proof can be made that the subsequent purchaser had or had not notice of a prior conveyance, upon proof being made that the subsequent purchaser paid a valuable consideration, the presumption may be indulged that he bought without notice of the prior conveyance. ( Rogers v. Pettus, 80 Texas, 428; Eastham v. Hunter, 98 Texas, 564.) The evidence is ample to warrant, if not to compel, a finding that Lubbock paid not only a valuable but an adequate consideration for the land at the sale by the administrator. The land was appraised (as the law at that time required should be done) at ten cents per acre, and Lubbock's bid was two-thirds of the appraised value, which was an amount then recognized by the law as adequate; the order of the Probate Court authorizing the sale directed that it should be made

for cash as required by law; the report of the sale showed that the administrator sold to Lubbock the land in controversy, together with 400 acres additional, at six and two-thirds cents per acre, aggregating $48, and that the land was sold according to the order of the court; the final account of the administrator shows that he received $48 in cash for the land he sold to Lubbock, and this account was sworn to and approved by the court; the deed from the administrator convey-ing the land to Lubbock recited the payment by Lubbock of $48; the transaction took place in 1845, and both Pannell, the administra-tor, and Lubbock are dead. This testimony was admissible for the purpose for which it was offered and, being undisputed, was, we think, conclusive that Lubbock paid a valuable and adequate consid-eration for the land; and the court, in the absence of evidence tending to prove that Lubbock in fact had notice of the prior conveyance at the time he bought, had the right to assume in the charge the want of such notice; therefore want of notice was not an issue in the case for the jury to determine. If the evidence above set out did not justify the conclusion as a matter of law that Lubbock paid a valu-able and adequate consideration for the land, it undoubtedly author-ized the jury to so find, and this issue being determined by the jury in favor of appellee, it follows, as a matter of law, in the absence of evidence to the contrary, that Lubbock purchased without notice of Young's claim. The assignments are overruled, as well as are the seventeenth, eighteenth, nineteenth, twenty-first and twenty-fourth assignments, which raise substantially the points passed upon above.

The twentieth, twenty-second and twenty-third assignments com-plain in various ways of the portion of the court's charge which gave to the jury the right to presume the execution and delivery of a deed from Wm. Young to McAuley or to his administrator, prior to the execution of the deed to Lubbock, the ground of complaint being that there was no evidence that warranted the charge. The assignments can not be sustained. Appellant sought to defeat appellee's title by showing that in 1840 McAuley sold the land to Young and thereby divested himself of the title, and that the outstanding title was in Young. The testimony shows that McAuley died in 1843; that prior to his death and subsequent to the alleged sale to Young, McAuley asserted ownership to the land and sold it to one Compton; that in 1844 an administrator of his estate was appointed and qualified; that the land in controversy was inventoried as part of his estate; that public notice was given of the sale to be made by the administrator; that the sale was made at auction and the deed made in pursuance thereof, as well as other deeds constituting plaintiff's chain of title, were placed on record in Harris County; that one of the parties through whom appellee claims paid taxes on the land for several years, and that there had been an entire want of any ownership asserted by Young or any one claiming under him. We think this evidence was sufficient to justify the court in submitting the issue.

The further contention, that a presumption of a deed should never be indulged in any case unless there was in evidence a deed or other writing upon which to base it, is not sound.

Vol. LIV Civil—23.

The twenty-fifth and twenty-sixth assignments are not followed by any statement as required by the rules, and are therefore not considered. The first seven and twenty-seventh assignments have been examined by us and found to contain no reversible errors, and are severally overruled without comment.

There being no reversible errors in the record, the judgment of the court below is affirmed.

*Affirmed.*

Writ of error refused.