SOUTHWESTERN SETTLEMENT & DEVELOPMENT CO. et al. v. VILLAGE MILLS CO. et al. (No. 662.)

(Court of Civil Appeals of Texas. Beaumont. March 23, 1921. Rehearing Denied May 11, 1921.)

1. Public lands ⬪172(7)—Transfer by colonist of land not perfected under Mexican government valid.

The act of December 14, 1837 (Laws of Republic 1836–37, p. 62), and the Constitution of the Republic recognized the validity of the transfer by a colonist of his right to land when the grant had not been perfected under the Mexican government.

2. Appeal and error ⬪719(1) — Appellate court will review issue called to his attention by independent proposition of appellee.

Where appellees by an independent proposition have called to the attention of the appellate court an issue which the court erred in refusing to submit to the jury, it becomes the duty of such court to review the case on the error thus assigned, regardless of assignments by appellant; the appellants in their brief disclosing all the facts necessary to show that it was fundamental error.

3. Adverse possession ⬪104, 115(1)—Facts held to raise presumption of grant; issue of presumption of grant held for jury.

Where plaintiffs had a broken possession of the land from some time in the '80's until 1901, twice cut timber from the land and undertenants cultivated, used, and enjoyed it, and, from 1886 to 1919, from year to year, permitting them to become delinquent now and then, they paid the taxes assessed against it, and there was no claim on the part of defendants and those under whom they claimed until 1913, held, that the facts raised an issue of a presumption of a grant from the heirs of the common source of title to plaintiffs' predecessor and those claiming under him, which should have been submitted to the jury, both on the theory of an actual transfer and whether it was more reasonably probable that such a transfer was made than that it was not made.

4. Adverse possession ⬪71(3)—No title or color of title where grantor has previously conveyed his interest.

If the common source of title or his heirs had sold the land in question to plaintiffs or plaintiffs' predecessor before conveying to defendants, defendants did not hold "title or color of title" to support limitation of three years.

5. Names ⬪18—Identity of names raises presumption of identity of persons.

The rule that, where no issue is raised as to identity of persons, the identity of names is

sufficient to establish such identity, applies where parties claim as heirs of persons named in a deed or grant.

**6. Evidence ⊕=471(12)—Testimony of ownership of land held mere conclusion of witness.**

Testimony of witness that she was heir of a certain person to whom land in controversy was granted was clearly a conclusion on her part, where she never saw such person, never had in her possession any of his papers, and was never on the land.

**7. Appeal and error ⊕=1050(1)—Admission of evidence on issue not contested not prejudicial.**

Admission of testimony of witness that she was one of the heirs of a certain person to whom the land in litigation was granted, which was a mere conclusion on her part, was not prejudicial error where no issue of identity was made against her claim of heirship.

**8. Judgment ⊕=671—Against unknown heirs held admissible.**

In trespass to try title, a judgment in favor of defendants against the unknown heirs of the person under whom defendants claimed title was admissible in evidence.

Error from District Court, Hardin County; J. L. Manry, Judge.

Suit by the Southwestern Settlement & Development Company and others against the Village Mills Company and others. Judgment for defendants, and plaintiffs bring error. Reversed, and remanded for new trial.

Kennerly, Williams, Lee & Hill, of Houston, for plaintiffs in error.

O. J. Todd, W. G. Reeves, O. S. Parker, and W. D. Gordon, all of Beaumont, for defendants in error.

WALKER, J. This suit was instituted in the usual form of trespass to try title by appellants, as plaintiffs, against the appellees, and involved the Frederick Lewis one-third league survey in Hardin county. The patent, issued to the heirs of Frederick Lewis on the 12th day of April, 1854, described the land as follows:

"One-third of a league of land situated and described as follows: In Jefferson county, about two miles south of Big Sandy creek and about 24 miles above its mouth, by virtue of certificate No. 75, issued by the board of land commissioners of Liberty county on the 1st day of February, A. D. 1838."

In addition to the usual allegations in trespass to try title, both parties pleaded the several statutes of limitation. Appellees offered in evidence a complete chain of title from the heirs of Frederick Lewis, a judgment in their favor against the unknown heirs of Frederick Lewis, and five years' occupancy of the land in controversy, and the payment of taxes for four consecutive years during this occupancy. Appellants offered in evidence a complete chain of title in themselves from and under Samuel Rogers, but failed to raise any issue of limitation. A verdict was instructed for appellees, which they seek to sustain by the following general proposition:

"Plaintiffs in error, as plaintiffs below, not only showed no record title in themselves, but affirmatively proved that their claim of title originated in a void transfer from Frederick Lewis, made November 2, 1835, which was before the final title issued to him, and before the certificate under which the land in controversy was located issued, and before the survey under which the land in controversy was located had been made, and before the adoption of the Constitution of the Republic, and therefore that their claim of title originated in an attempt of transfer prohibited by law, an absolute nullity, thus leaving no room for the presumption, but affirmatively proving that their claim of title was absolutely void."

As sustaining this proposition, appellees make the following statement:

(1) Certificate No. 75, by virtue of which the land was patented, as follows:

"No. 75.

"Office of the Board of Land Commissioners.

"Republic of Texas, County of Liberty.

"This certifies that Frederick Lewis emigrated to Texas in the year 1830 and died in this county in the year 1835, was a single man, had sold his headright, and under the laws is entitled to one-third of a league of land.

"Liberty, February 1st, 1838

"Ben T. Cort, President, B. L. C.

"Hugh B. Johnson,

"Henry Wise Farley,

"Associate Commissioners.

"Attest: Geo. W. Miles.

"No. 75. Fred Lewis. Certificate approved by Tranlling [Traveling] Board, Liberty County, 11 File 63. Jefferson 1st class Headright certificate. Frederick Lewis Decd. 1/3 league."

(2) Description of property and recitations in deed from Hudson B. Littlefield, administrator of the estate of Samuel Rogers, to William Bryan, dated "5—4—47," undertaking to convey the claim of the estate of Samuel Rogers to one-third of a league of land, the headright of Frederick Lewis, "by virtue of the certificate of the board of land commissioners of the county of Liberty, being No. 75 of the first class, dated February 1, 1838, and the transfer of said one-third of league of land by said Frederick Lewis to said Rogers dated November 2, 1835."

(3) As already stated, plaintiffs hold under a consecutive chain of title from and under Samuel Rogers. In this chain is a deed from Pierce and Andrews to Olive & Sternenberg, dated June 2, 1884, in which the land is described as follows:

⊕=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"1,476 acres in said Hardin county, Tex., about 2 miles south of Big Sandy creek and about 24 miles above its mouth, patented to heirs of Frederick Lewis, deceased, by the state of Texas on the 12th day of April, 1854. Frederick Lewis conveys to Samuel Rogers, and H. B. Littlefield, Administrator of Samuel Rogers, to Wm. Bryan, and same conveyances as in N. Whitcher tract to Pierce and Andrews. Said tract is bounded as follows: [Then follows field notes.] Hardin county was once a part of Liberty county."

[1] This statement of the facts, taken from appellees' brief, does not sustain their proposition that the claimed transfer from Frederick Lewis was void. The act of December, 1837 (Laws of Republic, 1836–37, p. 62), and the Constitution of the Republic recognized the validity of the transfer by a colonist of his right to land when the grant had not been perfected under the Mexican Government. Babb v. Carroll, 21 Tex. 768; Moore v. Bullard, 24 Tex. 151; Stone v. Crenshaw, 70 S. W. 584. There is a clear distinction between these authorities and those cited by appellees in support of their proposition. Cook v. Lindsay, 57 Tex. 67; Holmes v. Johns, 56 Tex. 48; Brown v. Simpson Heirs, 67 Tex. 225, 2 S. W. 644. Under these last authorities a transfer of land by a colonist which he claimed as a settler, "if executed before the extension of final title from the government, was a nullity." They have reference to those titles extended under authority of the Mexican government, and in those cases the titles were extended before the closing of the land office. In this case and in the cases above cited by us in support of our position the titles were extended after the adoption of the Constitution, which, together with the act of 1837, expressly recognized the validity of these transfers.

[2] But appellees insist that the issue of a transfer from Frederick Lewis to Samuel Rogers is not raised by appellants in their brief, and therefore should not be considered by us. If this criticism is well taken, which we do not concede, a sufficient answer to this contention is appellees' proposition, which we have just above quoted. They, by their independent proposition, have called to our attention an issue which the court erred in refusing to submit to the jury. Hence it becomes our duty to review the case on the error thus assigned. Appellants, in their brief, disclose all the facts above given by us, and thus bring this error within the announcement of the Supreme Court in Harlington Land Co. v. Houston Motor Car Co. (Com. App.) 209 S. W. 145:

"Appellants sufficiently present the record in their brief to make it apparent that it was error to peremptorily instruct a verdict for the plaintiff, and thus bring in review the whole record."

The Supreme Court then proceeded to review the record, under the proposition that "fundamental error need not be assigned."

[3] In addition to the claimed transfer from Frederick Lewis, appellants also showed a broken possession of this land from some time in the '80's until 1901. Twice they cut the timber from the land, and undertenants cultivated, used and enjoyed it. And from 1886 to 1919, from year to year, permitting them to become delinquent now and then, paid the taxes assessed against it. There was an absolute nonclaim on the part of appellees and those under whom they claim until 1913. Though the heirs of Frederick Lewis have always lived in Texas and had a family tradition that he owned large bodies of land at the time of his death, they never made any effort to locate any of his lands. Even the appellees testified that they knew this land, previous to their purchase of it, as belonging to the vendees of appellants. Under all these facts, appellants' claim was not wholly explained by the claimed transfer from Frederick Lewis. Morris v. Moore, 216 S. W. 890. There was raised also the issue of a presumption of a grant from the heirs of Frederick Lewis to Samuel Rogers or those holding under him. Baldwin v. Goldfrank, 88 Tex. 257, 31 S. W. 1064; Garner v. Lasker, 71 Tex. 431, 9 S. W. 332; Dailey v. Starr, 26 Tex. 562; Watrous v. McGrew, 16 Tex. 514; Veramendi v. Hutchins, 48 Tex. 552; Blunt v. Houston Oil Co., 146 S. W. 248; Taylor v. Watkins, 26 Tex. 688; Fletcher v. Fuller, 120 U. S. 534, 7 Sup. Ct. 667, 30 L. Ed. 759; Grayson v. Lofland, 21 Tex. Civ. App. 503, 52 S. W. 121; Bounds v. Little, 75 Tex. 316, 12 S. W. 1109; House v. Stephens, 198 S. W. 384, 390; McCollum v. Orphans' Home, 54 Tex. Civ. App. 348, 117 S. W. 889. This should be submitted to the jury, both on the theory of an actual transfer and whether it was more reasonably probable that such a transfer was made than that it was not made. Frugia v. Trueheart, 48 Tex. Civ. App. 513, 106 S. W. 736; Morris v. Moore, supra; Chapman v. Dickerson, 223 S. W. 318.

Though appellants paid the taxes on this land for five years under the rule announced by the Supreme Court in Baker v. Fogle (Sup.) 217 S. W. 141, they abandoned the possession in May of the fifth year, and hence failed to raise an issue under the five-year statute. They make no assignment under the ten-year statute.

[4] The instructed verdict in favor of appellees cannot be sustained under the three-year statute. If Frederick Lewis or his heirs sold this land to Samuel Rogers or those holding under him, it follows that appellees do not hold "title or color of title to support limitation of three years." Cagle v. Sabine Valley Timber Co., 202 S. W. 943, 6 A. L. R. 1426.

[5] As we view this record, no issue was raised against the claim of appellees that

they were holding the title of the heirs of Frederick Lewis, the original grantee.

"Where no issue is raised as to the identity of persons, the identity of names is sufficient to establish such identity. * * * The same rule would apply when plaintiffs claim as heirs of a person named in a deed or grant." Blunt v. Houston Oil Co., 146 S. W. 251.

[6, 7] Appellant's objection to the testimony of Mrs. McCall that she was one of the heirs of Frederick Lewis, to whom the land was granted, should have been sustained. This was clearly a conclusion on her part. She never saw her uncle, never had in her possession any of his papers, and was never on the land. However, as no issue of identity was made against her claim of heirship, no prejudicial error was shown in the admission of this testimony.

[8] The judgment against the unknown heirs of Frederick Lewis was admissible in evidence, and divested the title out of the unknown heirs of the original grantee. As no issue of identity was made against the claim of heirship asserted by appellees, Cates v. Alston's Heirs, 25 Tex. Civ. App. 454, 61 S. W. 979, and McCarthy v. Houston Oil Co., 221 S. W. 307, are not in point.

For the error of the court in instructing a verdict for appellees, this cause is reversed, and remanded for a new trial.