## WHITE v. BEAUMONT IMPLEMENT CO. (No. 1882.)

Court of Civil Appeals of Texas. Beaumont.
Oct. 31, 1929.

Wm. J. Brown, of Beaumont, for appellant.
Barnes & Barnes, of Beaumont, for appellee.

WALKER, J. This was a suit by appellant against appellee for damages to his Cadillac automobile, resulting from a collision with one of appellee's automobiles. Judgment was for appellee upon an instructed verdict, which he seeks to sustain upon two grounds: First, that appellant was guilty of contributory negligence as a matter of law; and, second, he failed to raise any issue of damages for the consideration of the 'jury. Appellant asks that the case be reversed, primarily, upon two propositions: First, error of the court in excluding testimony; second, that the evidence was sufficient to raise the issue of nominal damages. The sufficiency of the pleading has not been attacked.

The facts, briefly stated, are as follows: On the 6th day of June, 1920, appellant with his wife and son and three guests, Dr. Outlaw, his wife and son, were driving to Beaumont from Sour Lake in appellant's new seven-passenger Cadillac automobile. About 12 or 15 miles before reaching Beaumont, while traveling at a speed not definitely shown by the record, appellant saw approaching him a large automobile on appellant's side of the road. Just before meeting appellant, this automobile turned sharply to appellant's left upon its own side of the road, the cars passing each other safely. Trailing this car but about 40 or 50 feet in its rear, was another automobile also traveling on appellant's side of the road. Appellant continued on his side of the road towards this second car, which belonged to appellee, until within 15 or 20 feet, when, thinking the car was not going to move to its own side of the road, appellant turned his car at a sharp angle to the left. At almost the same instant the driver of appellee's ·car turned in the same direction, causing the collision which resulted in the damages sued for. Appellee's driver was not watching the road and did not

see appellant's approach until immediately before the collision. This car was traveling at the speed of probably 10 miles an hour. There was evidence to the effect that at the time of the collision appellant's car was traveling at a speed of 18 miles an hour. However, the driver of appellee's car testified to a much greater rate of speed. He said when he looked up and saw the car approaching it appeared to him it might be traveling a hundred miles an hour. Immediately after the collision appellee's driver jumped out of his car and said: "Gentlemen, it's my fault. I didn't see you until we almost hit." Appellee's car was so far over on the right-hand side of the road that appellant was not able to pass to the right of this car because of a deep ditch on that side of the road filled with water. Had appellee's car remained on the right-hand side of the road, appellant could have passed on the left-hand side between appellee's car and a deep ditch filled with water also on that side. No one in appellant's car was injured; however, the collision broke one of the fenders of the car, bent the back wheels and bent the base, split the engine in two pieces, broke the base, and warped the frame "so that it never was fixed; so that it never run plumb any more." The steering wheel was broken, and in general the car was a wreck and was unable to be operated with its own power. Appellant had the car towed to the city of Beaumont and there repaired. This suit, as already stated, was for the damages resulting from the collision.

### Opinion.

▆▆ Appellant was not guilty of contributory negligence, as a matter of law. Swerving his car to the left was not in law an act of negligence, and on the peculiar facts of this case we are not prepared to say that it even raised the issue of negligence. On the statement before us it is made to appear with reasonable certainty that appellant had no choice in this matter. He could not go to the right of appellee's car and the only way to prevent the collision was to turn to the left, as he did. The speed at which he was traveling was an issue for the jury. While there was some evidence to the effect that the speed did not exceed 18 miles, there was other evidence offered by appellant himself to the effect that it may have been 20 or 25 miles an hour. Whether he was guilty of negligence in this respect, and whether such negligence contributed to the collision, were jury questions.

▆ Appellant offered no evidence as to the cost or extent of the injuries done his automobile. He described in detail the physical effect of the collision upon his car, but offered no evidence as to its value immediately prior to the collision nor its value immediately after the collision. He attempted to show the extent of his loss by offering in evidence the bill rendered him for the repairs on his car and by attempting to prove the value of the work done and of the material used in the repairs. Upon exceptions of appellee all this testimony was excluded, and, as just stated, we have before us no evidence as to the cost to appellee of the repairs done to his car. However, the failure to offer evidence on this issue did not entitle appellee to an instructed verdict. The evidence construed as a whole raised the issue of an actionable injury in appellant's favor. Where there is an actionable injury there is an absolute right to damages. The facts of the record constitute an invasion of appellant's legal rights. As said by the court, in Ehlert v. Railway Company (Tex. Civ. App.) 274 S. W. 172, 174: "When a plaintiff sues for damages for the invasion of a legal right, and fails to show on the trial any actual damage sustained by him, he may yet be entitled to recover nominal damages and cost of suit." See also Champion v. Vincent, 20 Tex. 812; Davis v. Railway, 91 Tex. 505, 44 S. W. 822: Moore v. Anderson, 30 Tex. 224.

▆ On the bills of exception advanced by appellant to the exclusion of his testimony we cannot say that the court erred. The witnesses were duly qualified to testify on the issues inquired about, but the questions did not elicit the reasonable cost of the material as of 1920 nor the cost of the labor as of 1920, nor is there any showing by bill of exception, or otherwise, what would have been the answers of the witnesses to the questions as propounded and excluded by the court. While the general rule is that the measure of damages to an injured automobile is the difference between its value immediately before and immediately after the injury, this measure may be established by showing what would be the reasonable cost of necessary repairs to restore it to its previous condition. Apparently appellant was trying to establish his damages by proof of that nature. Where that character of proof is resorted to, the injured party must show that the cost of the repairs is reasonable, and the bill for the repairs must not exceed the difference in the market value of the car before and after the injury. As was said by the Court of Appeals of Kentucky in Robson v. Zumstein Taxicab Company, 198 Ky. 365, 248 S. W. 872, 873: "While the reasonable cost of repairs is always admissible on the question of damages, yet, as the repairs may render the article more valuable than it was before the injury, he who causes the injury is not required to bear the full expenditure for the repairs, but is only liable for the difference in the market price of the article before and after the injury."

▆ Appellee has moved to strike appellant's brief on the following grounds: (a) The propositions advanced are not germane to the assignments of error, and therefore cannot be considered. This is not a ground for striking the brief, but might be sufficient to strike

down a particular proposition. (b) Appellant's second proposition is multifarious. This is not a ground for striking the brief. (c) Appellee was not furnished with a complete copy of appellant's brief. Appellee has made no affirmative showing to this effect other than an unverified statement to that effect in support of its proposition. As we understand the statement made by appellee, it is complaining of appellant's brief primarily because of the insertion therein of excerpts from a question and answer statement of facts not agreed to by appellee nor approved by the court. The insertion of statements from such a statement of facts is unauthorized but should not result in this case in striking the brief. Appellant's brief consists of 36 pages, of which only a few pages were taken from this question and answer statement of facts. (d) Appellee insists further that there is no proposition advanced by appellant raising the issue of nominal damages and for that reason the brief should be stricken, or, if not stricken, cannot be looked to in support of such proposition. Without quoting appellant's propositions, we think the failure of the court to submit the issue of damages was duly assigned and that it appears fundamentally upon the face of the record from the statements made by appellant in his brief that the court erred in the peremptory instruction. Wilson v. Armstrong (Tex. Civ. App.) 236 S. W. 755; Harlington Land & Water Company v. Houston Motor Car Company (Tex. Com. App.) 209 S. W. 145; Southwestern S. & D. Company v. Village Mills Company (Tex. Civ. App.) 230 S. W. 869.

For the reasons indicated, the judgment of the trial court is reversed, and this cause remanded for a new trial.