## COOK v. NACOGDOCHES COUNTY.

### No. 3663.

Court of Civil Appeals of Texas. Beaumont.

Jan. 28, 1941.

Rehearing Denied Feb. 12, 1941.

Seale & Thompson, of Nacogdoches, for appellant.

Adams & McAlister, of Nacogdoches, for appellee.

COMBS, Justice.

The appellant, H. M. Cook sheriff of Nacogdoches County, filed this suit to recover $733.68 alleged to be due him by the County for expenses incurred in operating two automobiles belonging to him in the discharge of his official business during the years 1937 and 1938. This amount represented the difference between the four cents per mile allowed by the statute, Vernon's Ann.Civ.St. Art. 3899, Sec. (b), and the amounts actually paid him month to month by the Commissioners' Court, which payments were accepted under protest. The County in addition to denying liability in any amount sued appellant by way of cross-action for $1,280 which it was alleged the Commissioners' Court had illegally allowed and paid to appellant for

feeding prisoners and also sought penalties in the amount of $14,375 for alleged failure to file the statement required by Art. 3897 Vernon's Ann.Civ.St.; and in the alternative for penalty of $25 per day for the twenty-four days immediately preceding February 24, 1938. The trial was to the court without a jury and upon practically an agreed statement of facts. So far as is necessary to this opinion the agreed facts were as follows:

"It is agreed between the parties that the plaintiff, H. M. Cook, was the duly elected and qualified Sheriff of Nacogdoches County, Texas during the years 1937 and 1938, and at all time germane to the pleadings of both parties to this suit; that Nacogdoches County, Texas was during 1937 and 1938, and at all times germane to the allegations of both parties, on a salary basis; that during the year 1937, and 1938, the plaintiff, H. M. Cook, on each month presented to the Commissioners' Court of Nacogdoches County, Texas a claim for expenses based upon a per mileage basis of four cents per mile, which were incurred in his official business; that the Commissioners' Court refused to purchase automobiles for the plaintiff, who was Sheriff, and that he was required to purchase his own automobiles and use the same in the discharge of his duties as Sheriff; that on each month when his claims were presented the Commissioners' Court allowed him a maximum of $50.00 per month; that when his claim, based on four cents per mile, exceeded $50.00 the Commissioners' Court allowed him only $50.00; that when his claim was below $50.00 he was allowed only the amount of the claim; that column One on page three of plaintiff's original petition represents a correct amount of expenses incurred by the plaintiff in operating his automobile, based upon four cents per mile; that column Two represents the amount that was paid to plaintiff by Nacogdoches County each month; that column Three represents the difference between the amount that was actually incurred by the Plaintiff at four cents per mile and the amount paid by the Commissioners' Court.

"That the Plaintiff, H. M. Cook, accepted a voucher for the sum of $50.00 each month, and cashed the same without any qualifications, being indorsed thereon, but that the said H. M. Cook did notify the County Clerk of Nacogdoches County, Texas that he was accepting it only as part payment of his car expense; that on February 13, 1939, the plaintiff, H. M. Cook presented to the Commissioners' Court of Nacogdoches County, Texas his claim for the sum of $733.68, representing the difference between his car expense at four cents per mile, and the amount paid him by the Commissioners' Court over the entire period of 1937 and 1938, and that said claim was by the Commissioners' Court rejected.

"Under and by virtue of agreement with said Court, the Commissioners' Court on each month during the year 1937 and 1938, was presented with a claim by the plaintiff, H. M. Cook, for $40.00 per month for feeding the prisoners; that on each month the said Commissioners' Court allowed said claim, and paid the said H. M. Cook the sum of $40.00 per month during the years 1937 and 1938, and for the first eight months in 1939, aggregating the sum of $1,280.00 that has been paid by the Commissioners' Court to the plaintiff for feeding the prisoners up to the day answer was filed by the Commissioners' Court in this suit; that Nacogdoches County has a population of 30,190 inhabitants, and has had such population at all times germane to the questions involved in this law suit, and had so many inhabitants at the last preceding Federal Census; that said $40.00 per month paid the said H. M. Cook by the Commissioners' Court was in addition to his annual salary that was paid in twelve monthly installments as the law directs.

"That the office of C. E. Weaver, acting auditor, was closed from January 1, 1938 to February 16, 1938; that the blanks upon which the officers are required to make their Annual Reports were in said office during this time; that said office is located in the Courthouse; that J. Farris Jinkins, District Clerk during said time, secured a blank and filed his Annual Report before February 1, 1939; that Henry M. Cook did not have a key to said office."

The trial court entered judgment denying plaintiff any recovery and also denied the defendant any recovery on its cross-action.

■ Appellee moves to strike appellant's brief on the ground that the assignments of error and propositions constitute mere legal abstractions. We do not determine the abstract merits of the motion for

the reason that the parties in their briefs made a clear statement of the nature and result of the suit together with the controlling facts which are reflected by an agreed statement. The briefs reveal the matters at issue and require us to search the record for fundamental error "apparent upon the face of the record." Harlington Land & Water Co. v. Houston Motor Car Co., Tex.Com.App., 209 S.W. 145, Southwestern Settlement & Development Co. v. Village Mills Co., Tex.Civ. App., 230 S.W. 869; Republic Ins. Co. v. Dickson, Tex.Civ.App., 87 S.W.2d 899.

■ We will consider first appellant's contention that the trial court erred in denying recovery for unpaid balance of expenses incurred by him in the operation of his automobiles. Vernon's Ann.Civ.St. Art. 3899, Sec. (b), provides that where the sheriff or his deputies operates his own automobile or automobiles he "shall be allowed four (4¢) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation and operation of such automobile." By virtue of this provision of the statute, the appellant on the agreed facts, as we construe them, was entitled to recover the sum sued for. This item was in no sense salary.

As against this conclusion the appellee urges that the plaintiff failed to prove that he filed the sworn report with the Commissioners' Court and made no showing that his account was presented to the County Auditor and the Commissioners' Court each month for audit and allowance as provided by the statute. Id. The contention is overruled. The agreed statement shows that the amount sued for represented the difference between "his car expense at four cents per mile and the amount paid him by the Commissioners' Court" and that "said claim was by the Commissioners' Court rejected." Thus every essential fact necessary to show that the claim was legally due and unpaid and that the Commissioners' Court had refused to pay it were established. Requirements of the statute were substantially met. Farmers State Bank v. Bowie County, 127 Tex. 641, 95 S.W.2d 1304; Nacogdoches County v. Jinkins, Tex.Civ. App., 140 S.W.2d 901.

■ We come now to appellee's cross-action wherein it sought to recover $1,280 alleged to have been illegally paid to plaintiff for feeding prisoners. As shown by the agreed statement quoted above, the Commissioners' Court approved and allowed the claim of the sheriff in the amount of $40 per month for thirty-two months for feeding prisoners. It is also shown that the sheriff was paid the full salary allowed him by the Salary Law, Vernon's Ann.Civ.St. Art. 3912e. By Section 3 of said article it is provided that the salary allowed officers is "in lieu of all other fees, commissions or compensation which they would otherwise be authorized to retain." The appellee therefore contends that the $40 per month was illegally paid to the appellant as "fees of office." Article 1040, Code of Criminal Procedure, Section 2 provides that the sheriff shall be allowed "for support and maintenance, for each prisoner for each day such an amount as may be fixed by the commissioners court, provided the same shall be reasonably sufficient for such purpose, and in no event shall it be less than forty cents per day nor more than seventy-five cents per day for each prisoner. *The net profits shall constitute fees of office and shall be accounted for by the sheriff in his annual report as other fees now provided by law.*" (Italics ours.) In the case before us there is no showing as to the number of prisoners fed by the sheriff, and hence it is not shown that the $40 per month allowed the plaintiff by Nacogdoches County was in excess of the amount permitted by statute. It follows that the amount collected by appellant for feeding prisoners was not illegally paid to him by the Commissioners' Court.

■ But appellee makes the contention that the $1,280 collected by appellant for feeding prisoners represented "fees of office" for which he was required to account and that since the salary which he received was in lieu of all fees, the sum was illegally paid to him. Under the statute above quoted only "the net profits" constitute fees of office to be accounted for as such. There is no showing that the plaintiff made any profits on the feeding of the prisoners at $40 per month. And hence there was no showing that he collected from the Court any sum in excess of the salary to which he was entitled under the law.

■ Were the appellant here suing for amounts due him for feeding the prisoners we would have a different question. But it should be borne in mind that we are now considering a cross-action of

the appellee wherein it seeks to recover back sums alleged to have been illegally paid to the plaintiff. Such being the case, the burden was upon it to plead and prove that the amounts sought to be recovered were illegally paid. We cannot presume that the Commissioners' Court did not act in accordance with the law. By its judgments it approved and paid the claims of the sheriff for the feeding of the prisoners. And since it acted within the general scope of its authority, its judgment so pronounced is no more subject to collateral attack than would be the judgment of any other court.

We also overrule appellee's contention that it was entitled to recover the penalty sued for. There was no showing of any willful intent to violate the penal statute in question. Nacogdoches County v. Winder, Tex.Civ.App., 140 S.W.2d 972.

In so far as the judgment of the trial court denied to appellant recovery of balance due him for expenses of operating his automobiles in the sum of $733.68, the judgment is reversed and here rendered in favor of appellant. That part of the judgment which denied appellee recovery against appellant on its cross-action is affirmed.

Judgment in part affirmed and in part reversed and rendered.